In the Matter of the Application of THERESA DUNNE, Respondent, for an Order of Certiorari against WILLIAM E. WALSH and Others, Constituting the Board of Standards and Appeals of the City of New York, Appellants, and CATHERINE SCHMIDT and Another, Intervenors, Appellants, and S. J. STEIN REALTY CORPORATION and Others, Intervenors.

First Department, March 18, 1932.

*Charles E. Ramsgate* of counsel [*J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the appellants Walsh and others constituting the board of standards and appeals.

*John L. Sheehan* of counsel [*Charles A. Conner* with him on the brief; *Conner & Sheehan*, attorneys], for the intervenors Catherine Schmidt and another.

*William Levin* of counsel [*Charles B. McLaughlin*, attorney], for the petitioner, respondent.

SHERMAN, J. Petitioner, the owner of premises in the borough of The Bronx on the westerly side of Webster avenue south of One Hundred and Ninety-seventh street, applied to the superintendent of buildings for permission to erect on her land a public garage. That application was denied, the land being located in a district zoned for business in which that use was prohibited by the provisions of the Building Zone Resolution. An appeal was taken to the board of standards and appeals and the determination of the superintendent of buildings was upheld after a full hearing. Thereupon petitioner asked an order of certiorari and the learned Special Term directed that further testimony be taken before that court. This was done and after such hearing the court sustained the certiorari order, annulled the determination of the board of standards and appeals and directed the superintendent of buildings of the borough of The Bronx to issue to petitioner a permit for the erection of the garage.

The application before the board of standards and appeals was for a variance under section 21, article 5, of the Building Zone Resolution, which grants to the board of standards and appeals the right to vary the provisions of the resolution where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of the resolution.

The block in which petitioner's realty is located is a long one extending from One Hundred and Ninety-fifth street to One Hundred and Ninety-seventh street, containing no garages. But the frontage embraces stores, a theatre and an apartment house. The elevated railway structure is located on Webster avenue in front of the premises; and the easterly side of the avenue is used for a coal and wood yard, extending from the easterly line of the avenue to the railroad tracks of the New York Central railroad. Decatur avenue runs parallel with Webster and contains apartment houses abutting in the rear on the petitioner's premises, so that if the proposed garage were built, its rear wall would be contiguous to the premises fronting on Decatur avenue.

Upon the hearing at Special Term, very little if any new evidence

was introduced to supplement the facts upon which the board of standards and appeals acted, and such evidence as was introduced, designed to show that petitioner's property could best be improved by the erection of a garage, instead of an apartment house, stores or warehouse, was contradicted by several witnesses called on behalf of the intervenors, some of whom, being property owners in the immediate neighborhood, protested against the issuance of the building permit sought by petitioner and the erection of a garage, as injurious to their realty which is devoted to uses authorized by the resolution.

The board of standards and appeals objected to the taking of any evidence at Special Term, asserting that there had been a full hearing before said board, and that, no question having been raised as to the power of that board to entertain and determine the matter in controversy, the Special Term was without power to open the proceeding for further evidence, since that would be in effect the usurpation by the court of the province of the board of standards and appeals, for the additional evidence could be of no service except as a basis for the exercise by the court of the discretion confided to the board of standards and appeals.

Petitioner asserts that because of the presence of the elevated railway structure in front of these premises and the railroad tracks opposite them, and because of the existence of garages in blocks to the north and south of the block, there should be no objection to the relief sought, for a garage would be the best kind of an improvement and the most profitable one to be made upon her land.

We must not, however, lose sight of the fact that the court may not legislate. The area having been restricted for business by the municipality, it is not the function of the court in anywise to inquire into the wisdom of, or to alter, that determination. Nor may the court overrule the exercise by the board of standards and appeals of its powers in that field unless there be clear abuse of discretion or the assumption of a power beyond the scope defined by law.

Such was the view indicated by the Court of Appeals in *Matter of Goldenberg* v. *Walsh* (242 N. Y. 576), where the decision of the Appellate Division was reversed on the dissenting opinion of Mr. Justice McAvoy (215 App. Div. 396, 400). There it was sought to erect a garage on the west side of Webster avenue in the block south of One Hundred and Ninety-fifth street, and the board of standards and appeals denied the appeal, which was based upon alleged hardship. The physical conditions of that neighborhood were substantially like those which obtain in the neighborhood of petitioner's premises. In addition, when the application was made

by Goldenberg, two garages existed in the block in which his premises were located. The determination of the board of standards and appeals having been upheld in that case, we are bound to hold that there is no evidence in the record here which would indicate that the board of standards and appeals abused their discretion in denying the petitioner's application.

Furthermore, we are of the opinion that the situation as presented to the Special Term did not warrant the taking of further testimony under the provisions of section 719-a of the Greater New York Charter (added by Laws of 1916, chap. 503, as amd. by N. Y. Local Laws of 1925, No. 13). In *People ex rel. St. Albans-Springfield Corporation* v. *Connell* (257 N. Y. 73) the Court of Appeals laid down the rule (p. 80): "A Special Term of the Supreme Court having this rather wide power to supplement the record is not supposed to exercise it as though it were the Board of Standards and Appeals. The power is to be used cautiously, with extreme care where there appears to be a probability that the effect of the additional testimony, if it is received, will be to show the ruling complained of to be wrong; and when the whole case comes to be decided upon the new testimony and the old, the court, even then, is not to put itself in the position of the Board, is not to substitute its own discretion for that of the administrative agency established by the statute in a situation where the exercise of discretion is possible. The necessity for a variance is to be determined under section 21 of the Amended Building Zone Resolution by the Board of Standards and Appeals. Its judgment should be final unless it clearly appears to be arbitrary or contrary to the law. The powers of the Board, as outlined in section 719, are very largely administrative, including much that has to do with the zoning situation. The courts must not trespass upon this administrative work, but confine their review to correcting legal errors. (*Zahn* v. *Board of Public Works*, 195 Cal. 497; *Sundlun* v. *Zoning Board of Pawtucket*, 50 R. I. 108.)"

The order appealed from should be reversed, with ten dollars costs and disbursements, the certiorari proceedings dismissed and the determination of the board of standards and appeals reinstated and confirmed, with fifty dollars costs.

FINCH, P. J., MERRELL and McAVOY, JJ., concur; MARTIN, J., dissents.

MARTIN, J. (dissenting). The petitioner herein, Theresa Dunne, is the owner of premises located at Nos. 2725–2731 Webster avenue, borough of The Bronx, city of New York. The property is located on the westerly side of Webster avenue, about 150 feet south of

East One Hundred and Ninety-seventh street, and is in a business use and " B " area district.

On March 25, 1929, the superintendent of buildings denied an application which had theretofore been made to him to permit the erection and maintenance of a garage. His refusal was based on the fact that its erection was contrary to the provisions of the Building Zone Resolution, and that he had no alternative but to deny the application. The petitioner then appealed to the board of standards and appeals. The members of that board disagreed, voting three against and two in favor of the application of the petitioner.

The board having divided three to two on the question of hardship, this became a very appropriate case for review by the Special Term of the Supreme Court and for the introduction of additional evidence on the subject of hardship.

The petitioner obtained an order of certiorari to review the decision of the board of standards and appeals. On the return of the order of certiorari at the Special Term, the court made an order referring the motion " to the Special Term for Trials for further testimony on the question of hardship and the circumstances surrounding the application."

After the Special Term justice had taken testimony he rendered an opinion sustaining the writ of certiorari and reversing the decision of the board of standards and appeals on the ground that the petitioner had made out a clear case of hardship and that upon the equities and the particular circumstances herein, the determination of the board of standards and appeals should be reversed and the variation of the use permitted.

The property in question is occupied by a frame dwelling which is wholly inadequate. It is 100 feet on Webster avenue and about 100 feet deep. Decatur avenue to the rear and One Hundred and Ninety-fifth street to the south, and One Hundred and Ninety-seventh street to the north, *are all in the business use district.*

An examination of the facts in the case compels the conclusion that the Special Term was correct in granting the relief requested. The petitioner contends that there was not the slightest evidence in this case to sustain the action of the board of standards and appeals and that it is very difficult to reconcile that decision with the facts as established. The remarkable feature of this controversy is that those opposed to the granting of an exception proved the necessity therefor. The proof establishes that the proposed site has in front of it the surface car tracks of the New York Central and Hudson River Railroad Company (Harlem Division), a coal and wood yard, stable occupied under a health department permit

for six horses, and a stone yard and sheds, and that immediately in front of the premises and along Webster avenue is the three-track elevated structure of the Interborough Rapid Transit Company.

The proof further shows that there are two large one-story garages fifty feet south of One Hundred and Ninety-fifth street, and a place for the storage of cars a little over fifty-one feet north of One Hundred and Ninety-seventh street. There are a great number of vacancies in adjoining taxpayers and the stores that are occupied in the immediate vicinity are of a very poor character. It was established that to build taxpayers or an apartment house on this site would result in great loss, and that the only use available to yield a fair return is that of a garage.

The petitioner in her brief very properly *emphasizes the fact* that the expert opposing the application admitted both on direct examination and when questioned by the court, that an apartment house would not yield an adequate return. He testified in answer to a question put to him by the attorney for some of the intervenors, as follows: " Q. In your answer to that question, that to-day it would not pay to put up an apartment house, on this plot, do you mean to say because of the location, or is it because of the present market conditions in real estate generally? A. *Because of both.*"

With such testimony in the record the court was bound to find for the petitioner.

The property owner on the east side of Webster avenue has consented to this application. The intervenors object to the erection of a garage because they own the property adjoining the petitioner's premises on which is now located an apartment house which it was shown was of a poor character. Aside from electric lights and baths it has no improvements; was built when construction was cheap and the owners have since received an award for the taking of the easement of light due to the erection of the elevated railroad in front of the premises.

The testimony also established that on the block where respondent's property is located there is a theatre which is not a paying proposition, and numerous stores of the poorer class, about half of which are not occupied at present, and have not been occupied for some time past. The construction of an apartment house on this site would be a costly proposition and result in a heavy financial loss to the petitioner.

The trial justice having visited the premises by consent of the parties was in a position to see the actual conditions and to know that the only possible use for which the site was suitable was a garage. He pointed out that the apartment house being considered

is of the old-fashioned type and that the presence of an elevated structure, coal yard, a stable, many vacant stores and a moving picture theatre, made it absolutely a case for relief under the statute. It is difficult to see what more could be shown to warrant action by a board or court.

The intervenors have emphasized the fact that in the block south of where this property is located a similar application was denied, the denial of which was sustained by the Court of Appeals. (*Matter of Goldenberg v. Walsh,* 215 App. Div. 396; revd., 242 N. Y. 576.) There are two grounds upon which that contention may be answered: (1) In that case the elevated structure is not in front of the property involved, and (2) those opposing the application did not, in that case as in this, prove that no improvement except a garage was feasible.

The order appealed from should be affirmed.

Order reversed, with ten dollars costs and disbursements to the appellants, the certiorari proceedings dismissed and the determination of the board of standards and appeals reinstated and confirmed, with fifty dollars costs.