JOHNSON W. BOND, Appellant, *v.* WILLIAM V. COOKE, Commissioner of Public Safety of the City of Albany, New York, and Others, Respondents.

Third Department, December 30, 1932.

*Edgar S. Knox* [*Daniel H. Prior* of counsel], for the appellant.

*George A. Reilly, Corporation Counsel* [*Anthony DeStefano, Assistant Corporation Counsel,* of counsel], for the respondents.

McNAMEE, J. The plaintiff is an undertaker and embalmer licensed by the State, and leases and resides on the premises in the city of Albany known as 714 Madison avenue, where he proposes to engage in the occupation indicated, and to conduct what is come to be known as a funeral home. The moving papers allege that the plaintiff does not intend to charge his patrons for the privilege of using his home for funeral purposes; yet it does not appear that he intends to extend this privilege to others. The common council of Albany, before plaintiff leased or occupied said premises, had enacted an ordinance separating the city into various districts or zones and, among other things, restricted some of these zones to certain uses, and to the erection therein of certain kinds and types of buildings; and for the violation of this ordinance fixed penalties were prescribed. The premises in question are admittedly in Zone D, a " residential " zone as defined in the ordinance.

Section II of the ordinance, covering plaintiff's holding, prohibits the use of any building or premises in the zone in question, except for certain uses specified therein. These uses include that of residence and, when coupled with his dwelling, that of the office or studio of a physician, surgeon, dentist, lawyer, dressmaker, artist or musician, as well as a variety of other uses which are of less or of no importance on this appeal.

While not denying that the premises in question are wholly within a district thus restricted, nevertheless, the plaintiff contends that the neighborhood in which he dwells is not in fact a residential section, but a business zone; and that the boundaries given to the district do not promote the public health, safety and general welfare, and that, accordingly, an unreasonable restriction is placed upon the use by him of the premises in which he resides, and that the ordinance is invalid. On this question the proof and the contentions of the parties are in sharp conflict. That the ordinance is constitutional is presumed, and the burden rests on the plaintiff of showing clearly that the regulation of which he complains is confiscatory and unconstitutional. (*Matter of Wulfsohn* v. *Burden,* 241 N. Y. 288, 296; *Matter of Stubbe* v. *Adamson,* 220 id. 459, 463.) Giving due weight to the evidence on both sides, the view most favorable to the plaintiff is that the propriety and wisdom of the

zone lines, and whether the *locus in quo* is in fact in a business or a residential district, is debatable. But this does not aid the plaintiff, because the common council is the agency set up by the Legislature to determine and classify the zones, and prescribe the restrictions. And when the validity of the classification made by that body is fairly debatable the court will not intervene and substitute its judgment for that of the common council; nor will the court determine whether some other classification would be wiser. (*Radice* v. *New York*, 264 U. S. 292, 294; *Euclid* v. *Ambler Co.*, 272 id. 365, 388, 393; *Matter of Dunne* v. *Walsh*, 235 App. Div. 72, 74.)

The appellant further insists that section II of the zoning ordinance is unconstitutional because by its terms it permits premises to be devoted to some specified uses, and forbids other uses less objectionable; and that since appellant's premises do not come within the uses specified, and it permits other uses more objectionable, as he contends, the ordinance is discriminatory, and unjustly deprives him of his property. It will not be questioned that the common council could have left the district free from restriction; and appellant concedes that all private uses, except those of residence, could have been excluded legally. In permitting the teaching of music in a private house in a zone where schools were permitted, the Court of Appeals pointed to the principle involved here when it said: "A part is not greater, nor more objectionable than the whole." (*People* v. *Kelly*, 255 N. Y. 396, 401.) The permission of specified uses or specified classes of uses, but not all, does not invalidate the ordinance. In fact it is upon that principle of exclusion and with that purpose in mind that the empowering legislation was enacted, and the restricting ordinances were adopted. When the general plan is to exclude objectionable buildings and uses, the ordinance is not invalid because innocent buildings or uses may fall within the proscription. (*Euclid* v. *Ambler Co.*, *supra*, 388, 389.)

And in pressing the same general ground of invalidity of section II of the ordinance, the appellant presents another and somewhat novel aspect of discrimination by contending that certain arts, sciences and learned professions may be carried on in the zone in question by those who maintain their offices or studios in connection with their dwellings, while excluding others, and other so-called professions, among them the undertaker. The uses specified and permitted by the ordinance, and to which reference is made, are those of the physician, surgeon, dentist, lawyer, dressmaker, artist and musician. And the appellant contends in his brief that the undertaker is not a business man, and that he does not propose to carry on a business, but that "an undertaker is as much a professional person" as those mentioned. In the first place, it is quite

clear that the common council did not intend to admit to Zone D uses by all those who, in the loose language of the street, might be denominated professional persons; that was not the line of cleavage, nor the standard adopted.  But rather the intention was to exclude in the future those uses which would render the zone less desirable as a place of residence.  And whether the common council was wise or not in its specified inclusions, may not be determined here, so long as its action was reasonable.  But appellant contends that its action was unreasonable because it did not include the undertaker. Did it not appear from the papers, it is a matter of common knowledge that the undertaker's establishment has to do with dead bodies, a morgue, the temporary storage of the dead, inquests, autopsies, the going and coming of funeral wagons and hearses, the presence of sorrowing relatives, friends and mourners, the holding of funerals, and the solemn obsequies and somber trappings commonly identified therewith.  When constantly forced upon the attention of neighbors and the passers-by of the community, it is not unreasonable to conclude that these have a depressing influence on normal people and tend to make them uncomfortable, as well as to render near-by residence less desirable.  It is but reasonable to presume that these considerations were in the mind of the common council when the ordinance was adopted.  (*Rowland* v. *Miller*, 139 N. Y. 93, 96–98, 101–103; *Meagher* v. *Kessler*, 147 Minn. 182; 179 N. W. 732; *City of St. Paul* v. *Kessler*, 146 Minn. 124; 178 N. W. 171; *Saier* v. *Joy*, 198 Mich. 295; 164 N. W. 507; *State ex rel. Skillman* v. *City of Miami*, 134 So. 541; *Brown* v. *Los Angeles*, 183 Cal. 783; 192 Pac. 716; *Osborn* v. *City of Shreveport*, 143 La. 932; 79 So. 542.)

And again, the undertaker is a familiar and ancient personage in our civilization, as he was in civilizations past, and we recognize, as even our classic literature has not overlooked, the nature and importance of the relation he bears to the afflicted when death visits the household.  And, however improved and genteel his methods may have become, his role, as it were, remains the same. Although he still prepares human remains for burial, he also provides, for a price more or less standard in the community, the supplies, equipment and accommodations thought necessary or desirable to that end.  And while he renders a personal service in accordance with the requirements of the Public Health Law (Art. 14), and is required by statute and rule (Id. §§ 291, 292) to possess the modicum of technical information and skill requisite therefor, it is also common knowledge that his income for the merchandise he sells, and the equipment which he furnishes, greatly exceeds the compensation he asks or receives for his personal services.  The

contention that the undertaker is not in business, but is a professional man, is not in harmony with the views long held by the educated and thoughtful and the great seats of learning, touching the fine arts and the learned professions. (*People* v. *Kelly, supra.*) That the undertaker is not a business man and does not conduct a business, within the meaning of section 20 of the General City Law and the ordinance under consideration, is a contention that cannot be sustained.

Appellant also complains against section XIV of the ordinance, because it provides that the board of zoning appeals may, where there are " practical difficulties or unnecessary hardships," and " after public notice and hearing, and subject to appropriate conditions and safeguards, determine and vary the application of the regulations herein established in harmony with their general purpose and intent," and contends that legislative authority is thereby illegally conferred on the board. A decision of this question is not essential to a disposition of this appeal; but if it were, it is evident from ample authority that this theory is not tenable, and that no right of the appellant thus far has been infringed by that provision. (*Euclid* v. *Ambler Co., supra,* 388, 389; *Matter of Leone* v. *Brewer,* 259 N. Y. 386, 389, 390; *Dowsey* v. *Village of Kensington,* 257 id. 221, 227, 229; *People ex rel. Fordham Manor Reformed Church* v. *Walsh,* 244 id. 280, 286, 289, 290; *Matter of Goldenberg* v. *Walsh,* 242 id. 576; *Matter of Stillman* v. *Board of Standards and Appeals,* 222 App. Div. 19; *Matter of Dunne* v. *Walsh, supra.*)

The order of the Special Term should be affirmed, with costs.

VAN KIRK, P. J., HILL, RHODES and CRAPSER, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.