CITY OF UTICA, Appellant, v. C. JOSEPH ORTNER and GENESEE-LAFAYETTE CORPORATION, Respondents.— Order reversed, with ten dollars costs and disbursements, and motion for temporary injunction granted and motion to dismiss the complaint denied, with ten dollars costs. Memorandum: The common council of the city of Utica had authority to enact the Zoning Ordinance in question here and the city of Utica was authorized to maintain an action in a court of competent jurisdiction to compel compliance with or to restrain by injunction the violation thereof, notwithstanding the fact that a penalty was provided therein for its violation. (Second Class Cities Law, art. 4, §§ 30, 42; General City Law, art. 2-A, § 20, subd. 22, as amd. by Laws of 1936, chap. 223.) This ordinance is presumed to be constitutional. The record contains nothing to overcome this presumption. (*Matter of Wulfsohn* v. *Burden*, 241 N. Y. 288, 296.) Plaintiff alleged that the defendants were violating the provisions of the ordinance. No special damage or injury to the public need be alleged. Equity will interfere to restrain violation of or to compel compliance with an ordinance of a common council. (*People ex rel. Bennett* v. *Laman*, 277 N. Y. 368, 383; *Bond* v. *Cooke*, 237 App. Div. 229; *City of Yonkers* v. *Horowitz*, 222 id. 297.) We think the complaint states a cause of action and that, under the undisputed facts, the plaintiff showed sufficient to entitle it to a temporary restraining order. (*Village of Northport* v. *Walsh*, 241 App. Div. 683; affd., 265 N. Y. 458.) All concur. (The order denies a motion by plaintiff for a temporary injunction and grants a motion by defendant Ortner for a dismissal of the complaint, in an action to restrain said defendant from maintaining an undertaking parlor in his residence in violation of a Zoning Ordinance.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

In the Matter of the Estate of RUPERT NEUMAYER, Deceased.— Appeal dismissed, without costs, as not appealable. Memorandum: We do not regard the order as one " affecting a substantial right." (Surr. Ct. Act, § 288.) If the will fails of probate, after an opportunity is afforded all parties appearing to submit proof upon issues raised by the answers, it will follow that no substantial right of the movants has been affected. If probate is granted after a trial of the issues, the movants may review upon an appeal from the final decree of probate the intermediate order by which their preliminary motion was denied. (Surr. Ct. Act, § 295; *Matter of Loewenguth*, 114 App. Div. 754, 755; *Matter of O'Melia*, 213 id. 387.) All concur. (The order denies an application to dismiss the proceeding for the probate of a will.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.