Marcus G. Christ, J.
This is an action for an injunction to prevent the erection of a funeral home upon the ground that it violates restrictive covenants. The court finds the allegations of the complaint to be true.
The defendant corporation developed a large tract of land at Great Neck, Nassau County, fronting on the south side of Northern Boulevard. The development is known as University Gardens, and it is restricted by two declarations recorded in the Nassau County Clerk’s office. One declaration is applicable to the property fronting on Northern Boulevard where business is permitted and the other applies to the remaining land devoted to residential use. Plaintiff’s Exhibit 3 is the business declaration. Paragraph third reads as follows:
Third: There shall not be erected, permitted, maintained or carried on upon said property or any part thereof any brewery, distillery, malt house, slaughter house, brass foundry, tin, nail or other iron foundry, lime kiln or sugar bakery, tallow candlery, crematory, hospital, asylum or institution of like or kindered nature, stable of any kind (the word ‘ stable ’ being intended to include garage), cattle yard, hog pen, fowl yard or house, privy vault, outside toilet or tent, nor any establishment for the making or preparing of soap, candles, starch, vitriol, glue, ink, turpentine, oils, lamp black, gunpowder, dynamite or other explosives, baking powder, cream of tartar, gas, asphalt or fertilizer, nor any establishment *244 for bone boiling, fat boiling, dyeing, tanning, dressing or preparation of skins, hides or leather, nor any noxious, dangerous or offensive thing, trade or business or use of the property whatsoever, nor shall there be kept upon the premises or any part thereof any swine, cattle, live poultry or pigeons.
Paragraph Sixth requires that all plans and specifications be submitted for approval of the developer.
Paragraph Seventeenth reads as follows:
Seventeenth: Any of the restrictions, conditions, covenants, charges and agreements herein contained, except the maintenance charges set forth in paragraph * Twelfth ’ hereof and in paragraph ‘ Thirteenth ’ of said prior Declaration of Restrictions may be annulled, waived, changed or modified by the Company as to any plots or other portions of the property with the consent of the then owners of fifty percent in number of the plots shown on the Map hereinbefore referred to. The Company shall be deemed to be an owner as to any plots then owned by it.
Paragraph Twentieth reads as follows:
Twentieth: All the restrictions, conditions, covenants and agreements herein contained are for the benefit of the Company, as owner of the land shown on the Map hereinabove described and of any Property Owners’ Association which may be formed, and of the purchasers or any future owners of any of the plots shown on said Map. Any violation or breach of any of said restrictions, conditions, covenants or agreements shall give to the Company, its successors or assigns, the right to enter upon the property upon or as to which such violation or breach exists and summarily abate or remove any erection, thing or condition that may exist thereon contrary to the intent and meaning of the provisions of this Declaration at the expense of the owner of such property, and the Company, its successors or assigns, shall not thereby be deemed guilty of any manner of trespass for any such entry, abatement or removal. In addition thereto, the Company, its successors or assigns, and any Property Owners’ Association, and any owner of any plot upon said Map shall be entitled to an injunction to restrain the erection or maintenance of any such erection, thing or condition and to a mandatory injunction for the removal thereof, and any other remedy provided by law.
The failure of the Company or any other person, corporation or association entitled to enforce any restriction, condition, covenant, charge or agreement herein contained to enforce the same shall in no event be deemed a waiver by The Company or such person, corporation or association of its right to enforce the same or any other restriction, condition, covenant, charge or agreement herein contained.
The plaintiff is the property owners’ association now having the rights of enforcement under the declaration. The covenants run with the land and are in full force until 1970.
This suit involves a parcel fronting on Northern Boulevard, in the business area approximately 238 feet front and 115 feet deep.
The defendant University Gardens Corporation is the seller and the defendant Steinberg is the buyer under a contract of sale dated August 8, 1958. On August 19, 1958 Steinberg submitted to the plaintiff plans and specifications for the construe *245 tion of a funeral home. On September 16, 1958 the plaintiff denied his application approval for the reason that “ the proposed use as a mortuary or undertaking establishment is not a use permitted by the restriction.” Some objection to the details of the building was also raised.
On September 23, 1958 a revised application was submitted. While the association had this under advisement it purported to amend the declaration so as to expressly exclude a mortuary or undertaking establishment as a permitted use. On October 7,1958 the second application was denied. The Zoning Ordinance of the Town of North Hempstead allows the property to be used in the manner proposed and a building permit was issued on September 24, 1958.
The case turns on whether an undertaking establishment or funeral home is a ‘ ‘ noxious, dangerous or offensive thing, trade or business ” under paragraph Third of the declaration. The law in this State has consistently been that such a business is offensive to neighboring inhabitants and in some instances sufficiently objectionable to be a nuisance. (Rowland v. Miller, 139 N. Y. 93; Sweet v. Campbell, 282 N. Y. 146 ; Arthur v. Virkler, 144 Misc. 483, opinion by Lewis, J., later Chief Judge of Court of Appeals; Jones v. Chapel Hill, 273 App. Div. 510, opinion by Vau Voorhis, J., now Associate Judge of the Court of Appeals.) No extended discussion of the reasons underlying these cases is repeated for the subject is fully treated in the opinions. None of the cases has exactly the facts of the instant case but the offensive character of an undertaking business is declared in each of them.
Although business is permitted on the subject property, the restrictions are for the benefit of the whole development and the residential properties in close proximity to the proposed funeral home would be adversely affected. The people who live in the development are entitled to have this declaration construed in their favor against the defendant developer who drew and filed it. The purchaser is not hurt except for the loss of an advantageous bargain. His contract is subject to the right to build the funeral home. Absent the necessary approval he, at his option, may have his money back.
The action by the plaintiff in filing the October 7 amendment to the declaration had no force, since it made no new limitations. It was only a restatement of the existing restriction.
It is not necessary now to decide whether the Property Owners’ Association could impose new and more onerous burdens upon the subject property under paragraph Seventeenth of the declaration.
*246 This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.
Judgment for the plaintiff in accordance with the prayer of the complaint. The counterclaim of the defendants is dismissed. Settle order on notice.