Manuel W. Levine, J.
This is an omnibus motion to dismiss a complaint upon several grounds: (1) that a prior judgment in an action involving the same parties necessarily included within its ambit the question presented by the complaint in the instant action and was res judicata in respect thereto; (2) that the complaint fails to state a cause of action and a further ground which, by reason of this decision, has become moot.
The prior judgment, involving the same parties, was entered after trial before Mr. Justice Christ (University Gardens Prop. Owners Assn. v. University Gardens Corp., 21 Misc 2d 243, affd. 10 A D 2d 993, mot. for rearg. and mot. for lv. to app. den. 11 A D 2d 945, app. dsmd. 8 N Y 2d 1142), granting an injunction preventing the erection of a funeral home upon the ground that it violated restrictive covenants. As noted by Mr. Justice Christ in his opinion (p. 245), “ The case turns on whether an undertaking establishment or funeral home is a ‘ noxious, dangerous or offensive thing, trade or business ’ ” under a declaration of restrictions duly filed. In holding that such funeral home did violate the restrictive covenants, Mr. Justice Christ of necessity had to consider the validity and applicability of the declaration of restrictions, and the court’s decision in respect thereto is decisive and res judicata as to this point, since the judgment was conclusive not only as to matters and issues which were litigated, but also as to those which might have been litigated (Ripley v. Storer, 309 N. Y. 506) and where the two actions have such a measure of identity that a different judgment in the second action would impair, prejudice or destroy rights or interests established in the first action, the determination in the first action is res judicata (Mintzer v. Loeb, Rhoades & Co., 10 A D 2d 27, mot. for rearg. and mot. for lv. to app. den. 10 A D 2d 911; Reo Garment v. Jason Corp., 6 A D 2d 401, affd. 6 N Y 2d 725).
However, the plaintiff’s attempts to plead that conditions have so changed with the passage of time as to destroy the character of the neighborhood fall far short of pleading the ultimate facts. A study of the record on appeal in the previous action indicates that most of the buildings and enterprises which are alleged to have changed the character were in existence at the time of the first action and were considered by the court in arriving at its decision (University Gardens Prop. Owners Assn. v. University Gardens Corp., record on appeal, testimony of Joseph P. Kapelman). Hence, insofar as the allegations in the complaint as to the change in the character of the locality are concerned, the candy business and commercial office buildings *745 and sign painting business are beyond the scope of this court’s consideration on the principle of res judicata.
The complaint would have to show that subsequent to the decision in the previous action between the parties a change in the character of the neighborhood developed so as to make the restrictive covenant meaningless and an unnecessary burden. It would have to show the allowance of some ‘ ‘ noxious, dangerous or offensive thing, trade or business” amounting to an abandonment of the restrictive covenants. The absence of such allegations fenders the complaint defective. The mere statement of uses as is set forth in the complaint fails utterly to indicate either an abandonment of the restrictive covenant or that any of them come within the parentheses of “ noxious, dangerous or offensive ” uses as are prohibited in the restrictive covenant. Motion to dismiss the complaint granted.