OPINION OF THE COURT
Wallace R. Cotton, J.
This is an action brought by the City of New York pursuant to a Zoning Resolution and the Nuisance Abatement Law (Administrative Code of City of New York, § C16-2.0 et seq.) to enjoin and restrain the defendants from operating, maintaining or using residential premises as a grocery store or as referred to in the community as “a bodega”.
The facts are not in dispute. Defendant Narod Realty Corp. is the record owner of premises known as 21 West Moshula Parkway, Bronx, New York. The subject premises, including the basement, is a six-story apartment building located at the northeast corner of West Moshula Parkway and Knox Place and was acquired by defendant Narod on or about April 30,1982. There are two basement apartments which were allegedly occupied by an illegal gambling operation. Upon the purchase of the premises, defendant Narod, by Luis Arias and Miladys Arias, terminated the illegal use of the two basement apartments. However, it appears that defendant Narod, by Luis and *886 Miladys Arias, found the decreased rental income insufficient to sustain the successful operation of the building. Consequently, the defendants concluded that a grocery store was needed in the Spanish speaking community and a bodega was established in the two basement apartments.
The subject premises are governed by the Zoning Resolution of the City of New York and the use regulations for residential districts, which are found in section 22-10 and 22-20 of the Zoning Resolutions. The use and occupancy of a portion of the subject premises as a bodega is violative of the Zoning Resolution, the building being zoned R7-1. In or about October 12, 1982, the Buildings Department served defendant with a notice that the use and occupancy of the subject premises as a grocery store violated the Zoning Resolution. Thereafter one of the defendants, Miladys Arias, pleaded guilty in Bronx Criminal Court to violation of the Zoning Resolution and was fined $1,000. Also, defendant Luis Arias pleaded guilty to an offense predicated upon the Zoning Resolution. Defendant Luis Arias was sentenced to a conditional discharge based upon his discontinuing the illegal use of the subject premises by vacating the bodega forthwith.
On April 21, 1983, the city’s Buildings Department denied a request for “approval of alteration plans” submitted by defendants. Prior thereto, the Buildings Department had issued a notice of violation for the illegal use of the premises as a bodega. Also, notices of violation were issued to defendants for alterations made without a permit. A portion of the subject premises is still used and occupied by the Milus Grocery operated by defendant Luis Arias.
Plaintiff city seeks to enjoin and restrain the defendants from using and occupying the portion of the subject premises based upon violation of the Zoning Resolution, Building Code (Administrative Code, § C26-100.1 et seq.) and the creation of a public nuisance.
Defendants do not dispute the city’s statutory authority to commence the action or the existence of the bodega at the subject premises. Rather, defendants rely on equitable principles and an understanding of the conditions existing in Bronx County. Defendant points out that he has a business certificate filed for the grocery store bodega, a *887 retail cigarette dealer license, a food stamp program authorization and a certificate authorizing collection of sales and use taxes obtained for the grocery operation. Defendants indicate that they filed a request for “Approval of Alterations Plans” which was denied by the Buildings Department. Defendants do not indicate that they continued to alter the premises even after a work stoppage was issued by the Buildings Department. Also, defendants are prepared to present their application to the Board of Standards and Appeals for a variance.
Defendants request the court to postpone indefinitely its determination until a decision is made on defendant’s variance applications before the Board of Standards and Appeals. Defendants maintain that the city has not shown a dangerous or hazardous condition existing nor any emergency requiring the relief sought. It is claimed that the existing grocery operation preserves existing marginal residential units and provides a definite benefit to the community by affording local residents the convenience of shopping for their necessities without going a distance through potentially unsafe areas.
Though defendants present a poignant argument, they do not refute the obvious illegal use of the subject premises as a bodega. It is patent that defendant’s bodega is violative of the Zoning Resolution, the Administrative Code and the Nuisance Abatement Law. This court recognizes that areas of Bronx County have undergone a severe change and innovative ideas are necessary to meet the needs of the community. However, the court cannot countenance illegal acts no matter how well intentioned. The court is not an executive or legislative body that creates law and public policy and proceeds to enforce and implement the mandate of such laws and policy.
This court adjudicates the rights of the parties as they exist under the applicable statutes and case law. The court’s exercise of discretion is limited and its determination is constrained by the applicable statutes.
Plaintiff city has shown a violation of the Zoning Resolution and provisions of the Administrative Code in the illegal use of a portion of the subject premises as a bodega thereby constituting a public nuisance as defined in section *888 C16-2.2 of the Administrative Code. Under the Administrative Code, the city is empowered to commence an action for a permanent injunction which it has done. During the pendency of such action a preliminary injunction enjoining such public nuisance may be issued by a court upon a showing by affidavit and other evidence of a cause of action for a permanent injunction abating such public nuisance. The city’s statutory authority for injunctive relief, pendente lite, is unquestioned. Obviously, in situations involving a municipality’s right to enforce its zoning laws, which must benefit the community as a whole, not the whim of an articulate minority or even majority of the community, a prima facie showing of violation of such laws is sufficient to warrant injunctive relief without a showing of special damages or irreparable harm to the public (see Udell v Haas, 21 NY2d 463; Little Joseph Realty v Town of Babylon, 41 NY2d 738; City of Utica v Ortner, 256 App Div 1039). A reading of the Administrative Code provisions containing the Nuisance Abatement Law (§ C16-2.0 et seq.) clearly reflects a legislative intendment to prevent the continued violations of the Building Code and Zoning Resolution that is detrimental to the quality of life and total community environment. Also, the legislative body sought to establish a standardized procedure to obtain relief from the continued violation of the law.
Accordingly, the city’s application for an order enjoining and restraining defendants from occupancy, using, maintaining, leasing and operating any portion of the subject premises as a bodega is granted.