■ CITY OF NEW YORK et al., Appellants, v JOSEPHINE CINCOTTA et al., Respondents.—In an action, *inter alia,* for a permanent injunction, enjoining the defendants from the use, occupancy, maintenance and operation of specified premises as a contractor's establishment in violation of the New York City Zoning Resolution, New York City Nuisance Abatement Law (Administrative Code of City of New York § 7-701 *et seq.),* and the New York City Building Code (Administrative Code of City of New York § 27-105 *et seq.),* the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated October 11, 1985, as granted their motion for a preliminary injunction only to the extent of enjoining the defendants from operating the subject premises as a contractor's establishment before 7:00 A.M. on Monday through Friday and after 7:00 P.M. on Saturday and Sunday pending determination of their application for a variance before the New York City Board of Standards and Appeals.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, and the plaintiffs' motion for a preliminary injunction is granted unconditionally, with the appellants' limitation of liability pursuant to CPLR 2512 set at $10.

In light of the denial by the Board of Standards and Appeals of a variance to the defendants and the strong prima facie showing made by the plaintiffs that the defendants' use and operation of the subject premises as a contractor's estab-

lishment was in violation of New York City's Zoning Resolution, Building Code and Nuisance Abatement Law, the plaintiffs are entitled to the requested preliminary injunction (see, City of New York v Bilynn Realty Corp., 118 AD2d 511, 512-513; City of Utica v Ortner, 256 App Div 1039; City of New York v Narod Realty Corp., 122 Misc 2d 885, 888).

Further, in light of the respondents' representation that their application for a variance before the New York City Board of Standards and Appeals was denied, and, therefore, "there is no litigable issue left and nothing to argue about", we limit the appellants' liability for damages to the nominal sum of $10 (see, CPLR 2512). Mollen, P. J., Thompson, Bracken and Brown, JJ., concur.