OPINION OF THE COURT
William J. Davis, J.
Plaintiff City of New York (the City) moves for an order, pursuant to CPLR 6301 and Administrative Code of the City of New York § 7-707, preliminarily enjoining defendants from *767 the use and occupancy of the first-floor rear area of a building located at 702-04 Amsterdam Avenue, New York, New York (the premises), based upon its alleged illegal use by defendants.
On July 28, 1988, plaintiff commenced this action, alleging that for approximately three years the premises have been used and maintained as an unlawful gambling establishment. Plaintiff alleges that this unlawful use of private property constitutes a public nuisance violative of Administrative Code of the City of New York § 7-701 et seq. (formerly tit C, § C162.0 et seq.) (the Nuisance Abatement Law). It seeks a permanent injunction closing the premises.
On August 1, 1988, Justice William P. McCooe issued a temporary closing order of the premises. Plaintiff now seeks a preliminary injunction continuing this order pending a final determination on the merits. In support of its motion, plaintiff has submitted sworn affidavits from six New York City police officers attesting to the presence of illegal gambling activity on the premises. Copies of police reports have also been submitted indicating that, between January 1988 and June 1988, there were at least six occasions when arrests were made on the premises for illegal gambling activity. Plaintiff maintains that injunctive relief is the only means by which the public health, safety and welfare may be protected against future violations of the gambling laws, which activity attracts and breeds "dangerous and shadowy characters”.
Defendant 201 Realty Associates (201 Realty), owner of the premises, and defendant James Garcia (Garcia), lessee, oppose the motion.
201 Realty contends that it purchased the premises on May 11, 1988 and was neither aware nor notified of the alleged illegal activity. It asserts that the majority (but not all) of the arrests occurred prior to its purchase of the premises. Therefore, defendant contends, issuance of a preliminary injunction would violate its due process rights. The Nuisance Abatement Law § 7-703 defines, in pertinent part, a public nuisance as being: "(g) Any building, erection or place, including one- or two-family dwellings, wherein, within the period of one year prior to the commencement of an action under this chapter, there have occurred five or more violations of any of the provisions of article * * * two hundred twenty five of the penal law [which relate to gambling offenses].”
Section 7-707 (a) of the Administrative Code authorizes the *768 granting of a preliminary injunction enjoining such public nuisance with the proviso that a trial of the issues be heard "within three business days after joinder of issue or, if issue has already been joined, within three business days after the entry of the order.”
Generally, a party seeking the drastic provisional remedy of preliminary injunction is required to demonstrate: (1) a likelihood of ultimate success on the merits; (2) irreparable injury absent the granting of the preliminary injunction; and (3) that a balancing of the equities lies in favor of the movant’s position (Paine & Chriscott v Blair House Assocs., 70 AD2d 571 [1st Dept 1979]). However, where a municipality is authorized to enjoin public nuisances as defined in the Nuisance Abatement Law, the commission of the prohibited act is sufficient to sustain the injunction (City of New York v Bilynn Realty Corp., 118 AD2d 511 [1st Dept 1986]).
In this action, even assuming, arguendo, that defendant 201 Realty was unaware of the alleged illegal gambling activity on the premises, this argument would not necessarily bar plaintiff from obtaining injunctive relief, since a landlord is presumed to have knowledge of how his property is being used (see, Pennoyer v Neff, 95 US 714). In view of the requirement that a judicial hearing on the merits be held within three days, there is no denial of due process as the opportunity for ultimate judicial determination is adequate (Phillips v Commissioner, 283 US 589 [1931]), and the minimal intrusion of defendant’s rights are outweighed by the legitimate exercise of the police power to protect the public. Moreover, the Nuisance Abatement Law permits vacatur of the closing order upon proper showing that the public nuisance has been abated.
Defendant Garcia, the lessee of the premises, argues that certain sections of the Nuisance Abatement Law are unconstitutional. Garcia contends that section 7-703 (g) is void for vagueness, for failure to clearly define the term "violation”, and that section 7-706 (g) improperly presumes an employment or agency relationship between the owner or lessee of a property and the operators of a public nuisance at that property. Defendant contends that such a presumption is a conclusive presumption because the lessee or owner has no real ability to testify without the possibility of being exposed to criminal and/or civil penalties. Defendant Garcia contends that this is violative of his Fifth Amendment right against self-incrimination.
*769 Legislative enactments are presumed to be constitutional (Benson Realty Corp. v Beame, 50 NY2d 994, 995 [1980], appeal dismissed sub nom. Benson Realty Corp. v Koch, 449 US 1119), and should remain free, of judicial interference unless shown to be arbitrary and without reasonable basis (New Orleans v Dukes, 427 US 297 [1976]).
It has been determined that the Nuisance Abatement Law is a proper exercise of the police power of this municipality to protect " 'the interest of the public in the quality of life and total community environment, the tone of commerce in the City, property values and the public health, safety and welfare’ ” (City of New York v Senate Assocs., NYLJ, June 6, 1984, at 5, col 5, at 6, col 1 [Sup Ct, NY County]). The Legislature is invested with broad discretion to determine what is in the public interest and by what measures and what means are reasonably necessary for protection of those interests (20 NY Jur 2d, Constitutional Law, § 224, at 328; Lipkis v Pikus, 122 Misc 2d 136, affd 122 Misc 2d 833 [App Term, 1st Dept]). "[T]he most common standard by which the sufficiency of [a] statute is measured when attacked for vagueness is that it must not be so drawn that [persons] of common intelligence must necessarily guess at which conduct is prohibited”. (Quintard Assocs. v New York State Liq. Auth., 57 AD2d 462, 465 [4th Dept 1977], appeal dismissed 42 NY2d 973.) Where a statute has a comprehensible normative standard capable of interpretation, it will not be held void for vagueness (Coates v City of Cincinnati, 402 US 611, 614).
In the case at bar, in light of the scheme for its legislative enactment, it is clear that where there is repeated illegal conduct on a particular property and that conduct violates what is sought to be protected under the law, there constitutes a "violation” and, therefore, may be considered a public nuisance subject to the Nuisance Abatement Law (see, City of New York v Cincotta, 133 AD2d 244 [2d Dept 1987]; City of New York v Narod Realty Corp., 122 Misc 2d 885 [Bronx County 1983]).
Defendant Garcia’s contention that section 7-706 (g) of the Nuisance Abatement Law is violative of his Fifth Amendment right against self-incrimination is also without merit. The statute clearly provides for rescission of the closing order upon proper showing, other than by testimony, that the public nuisance has been abated.
Plaintiff has made a sufficient demonstration of its right to *770 and the necessity for a preliminary injunction in order to protect the public safety, health or morals (Reynolds v United States, 98 US 145). Accordingly, the motion for a preliminary injunction is granted to the extent of continuing the temporary restraining order contained in the order to show cause.
The parties are directed to contact the Clerk of IAS Part 3 for the purpose of scheduling an immediate hearing within three days after joinder of issue. Defendants are directed to serve their answer to the complaint within 10 days after service of a copy of this order with notice of entry.