OPINION OF THE COURT
Mark C. Dillon, J.
Ordered that this motion is granted and the petition dismissed.
*202 The petitioners sought from the respondent, Town of Orangetown, a variance from a local ordinance which, if granted, would have allowed them to maintain two separate kitchens in their single-family residence. On September 8, 1999, the decision of the Zoning Board of Appeals (ZBA) denying petitioners’ application for a variance was filed in the office of the Town Clerk of the Town of Orangetown. On November 5, 1999, petitioners filed a notice of petition and verified petition in this court, pursuant to CPLR article 78, seeking an order vacating the ZBA’s denial of the variance.
The Statute of Limitations for article 78 proceedings is generally four months after a determination becomes final. (See, CPLR 217 [1].) However, CPLR 217 (1) qualifies the four-month period by recognizing that a shorter time may be provided “in the law authorizing the proceeding.” In the case at bar, section 267-c of the Town Law is the authorizing statute. It provides that an article 78 proceeding must be instituted within 30 days after the filing of a decision in the office of the Town Clerk. Thus, the instant proceeding is untimely.
Petitioners oppose the motion to dismiss by alleging that respondents failed to comply with a statutory notice requirement and that neither petitioners nor their attorney ever received notice of the decision. A review of the decision shows that the petitioners, referred to as “the Applicant” in the Zoning Board proceeding, were on the distribution list which appeared at the end of the decision. Notwithstanding, petitioner Platzman claims that neither he nor his attorney ever received the decision. Moreover, he states that he had two telephone conversations in August 1999 with a clerk named Deborah Arbolino inquiring about the status of the ZBA decision prior to its issuance. She allegedly told him that there was a delay with the stenographer, and that once ready, the decision would be mailed out. Mr. Platzman further states that he next inquired when he spoke to his attorney in mid-October, who suggested that he approach the Town Board and ask about the decision’s status. On October 29, 1999, Mr. Platzman claims that he examined the file maintained by the Town and discovered the written decision with a date stamp indicating that it had been filed on September 8, 1999. He claims that the decision was actually dated July 21, 1999, the date of the hearing, and that as a result the respondents did not comply with Town Law § 267-a, which requires that a ZBA decision be *203 mailed to the applicant within five days after it is rendered. Petitioners claim that the decision is “backdated” to July 21, 1999, with no way to ascertain when the decision was actually rendered and that, therefore, the requirement that the decision be mailed within five days of it being rendered has not been met.
In support of the motion to dismiss, respondents submitted an affidavit of service from Deborah Arbolino, a clerk/typist in the Office of Building, Zoning, Planning, Administration and Enforcement for the Town of Orangetown, stating that on September 9, 1999 she mailed a copy of the decision to petitioners Mr. Platzman and Mr. Lashinsky. The affidavit was sworn to on February 17, 2000 and obviously prepared for purposes of this motion.
Respondents also refute petitioners’ claim that they did not comply with Town Law § 267-a. They state that the decision correctly has a July 21, 1999 date because after all of the public hearings for that evening, the ZBA “rendered verbal decisions on the respective applications.” (Reply affirmation, at 3-4, para 7.) However, the minutes of that meeting were not approved until the ZBA’s next scheduled meeting on September 1, 1999, since no meetings were held in August. The ZBA decision was filed on September 8, 1999, evidently taking into account the intervening Labor Day weekend. Upon review of the documents, the court concludes that respondents’ explanation for the date of decision and date of filing is a reasonable one. The Board obviously did not write the decision on July 21, since according to the formal minutes, that meeting did not adjourn until the early morning hours of July 22, 1999. Moreover, petitioners do not dispute respondents’ assertions that the minutes of the meeting were not approved until September 1, 1999. Therefore, it is reasonable to conclude that at some point after the minutes were approved, the written decision was finalized and then filed with the Town Clerk on September 8, 1999. While the presence of the July date on the decision is cause for some confusion, it does not establish in and of itself that respondents violated the notice requirement of Town Law § 267-a, especially in light of respondents’ reasonable and unrefuted explanation.
A careful review of petitioners’ papers demonstrates that petitioners’ argument regarding lack of notice is, in essence, and without saying so, based on estoppel grounds. Specifically, they are claiming that the respondents should be estopped from asserting a Statute of Limitations defense to this proceed *204 ing because petitioners relied to their detriment on oral communications with respondents regarding the issuance and filing of the decision. This claim is without merit for the reasons set forth below.
It is a general rule that a defendant (respondent) may be estopped from pleading the Statute of Limitations as a defense where the plaintiff (petitioner) was induced by fraud, misrepresentations or deception to refrain from filing a timely action. (Simcuski v Saeli, 44 NY2d 442, 448-449 [1978].) Moreover, in order for estoppel to be invoked, the fraud, misrepresentation or deception must have been intended by the defendant to forestall a plaintiff from commencing a timely action, and the plaintiff must have justifiably relied upon it. (Campbell v Chabot, 189 AD2d 746 [2d Dept 1993].) In other words, the plaintiff must show some evidence that the defendant intended to lull the plaintiff into inactivity until after the Statute of Limitations expired. (See, Terry v Long Is. R. R., 207 AD2d 881 [2d Dept 1994].)
In the case at bar, the petitioners’ claims do not rise to the level required for this court to prohibit the respondents from asserting a Statute of Limitations defense.
The petitioners concede that the 30-day limitations period set forth in Town Law § 267-c is applicable here, and that they failed to commence this proceeding within the statutory time. They seek relief from it by attempting to show that they never received a copy of the ZBA decision. The question as to whether or not they actually received a copy will perhaps never be definitively answered. The court, however, has before it a copy of the ZBA decision with the petitioners included on an extensive distribution list. It also has an affidavit from a Town of Orangetown employee stating that she mailed a copy of the decision to the petitioners. While it is possible that a copy was never sent to the petitioners, or if sent, was lost in the mail or otherwise, it was incumbent upon petitioners to diligently inquire as to the status of the decision. In this regard, the court can only speculate as to why Mr. Platzman made two telephone calls to the respondents in August, but never made any calls in September, and in fact waited until mid-October to contact his attorney and visit respondents’ offices on October 29, 1999 to review the file.
The court directs the parties to some insightful language that appears in the Practice Commentaries to Town Law § 267-c. The author, Terry Rice, Esq., a recognized authority in the field of zoning and land use, notes that under section 267-c (1) *205 “a proceeding must be commenced within 30 days after a decision is filed and [the statute] contains no qualification or toll with respect to the mailing of a copy of a decision to an applicant. Although it would seem to be unfair and inequitable for a board to take advantage of the short statute of limitations when a copy of a decision has not been mailed to an applicant, as a result of the language of § 267-c(l), one should not depend upon the mailing of a copy of the decision and must conscientiously seek to ascertain the actual date of filing of a decision.” (Rice, Practice Commentaries, McKinney’s Cons Laws of NY, Book 61, Town Law § 267-c, 2000 Pocket Part, at 189 [emphasis added].) There is no dispute that the 30-day Statute of Limitations contained in section 267-c (1) is a rigorous one that can have a devastating effect upon a party who fails to comply with it. Yet, the court has no authority whatsoever to extend a Statute of Limitations no matter how compelling the reasons for the delay may be. (See, Rybka v New York City Health & Hosps. Corp., 263 AD2d 403 [1st Dept 1999]; Siegel, NY Prac § 33, at 40 [3d ed 1999].) Nor can this court, on the facts before it, bar the respondents from asserting the Statute of Limitations defense. Petitioners at best have shown some delay between the hearing and when the decision was ultimately filed. There may have even been a lapse in communication between petitioners and respondents. As onerous as it may seem, Mr. Platzman initiated contact with the respondents’ offices in August to inquire about the ZBA decision, but offers no explanation as to why he allowed the entire month of September and half of October to pass without any further inquiry. Whatever occurred here is unfortunate; however, it does not rise to any level of fraud, misrepresentation or deception that would allow the court to invoke estoppel to bar the respondents from asserting a Statute of Limitations defense.
Accordingly, respondents’ motion to dismiss the article 78 proceeding is granted.