In the Matter of EDWARD BARSIC, JR., Respondent, v THOMAS YOUNG et al., Appellants. [801 NYS2d 829]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Babylon, dated June 1, 2000, which denied the petitioner's application for a variance to store topsoil and equipment on his vacant parcel of land, the appeal is from an order of the Supreme Court, Suffolk County (Molia, J.), dated April 7, 2004, which granted the petition to the extent of annulling the determination and remitting the matter to the Zoning Board of Appeals of the Town of Babylon for a new hearing and determination with the directive that it apply the standards for an area variance set forth in Town Law § 267-b (3) (b).

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal and leave to appeal is granted (*see* CPLR 5701 [a] [3]; [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof directing that the Zoning Board of Appeals of the Town of Babylon apply the standards for an area variance set forth in Town Law § 267-b (3) (b) and substituting therefor a provision directing that, upon remittitur, the Zoning Board of Appeals of the Town of Babylon apply the standards for a use variance set forth in Town Law § 267-b (2) (b); as so modified, the order is affirmed, without costs or disbursements.

In 1999 the petitioner filed an application with the Zoning Board of Appeals of the Town of Babylon (hereinafter the Board) for "[p]ermission for the outdoor storage of equipment on a vacant parcel of land used in connection with an existing business." The application was treated by the Board as one for a use variance and, as such, was denied on June 1, 2000. The petitioner then commenced this proceeding. The Supreme Court granted the petition and remitted the matter to the Board for a new determination on the ground that the Board should have treated the application as one for an area variance.

The Supreme Court erred in determining that the petitioner's application was one for an area variance rather than a use variance. The subject property is located in a "GB Industrial" zoning district. Babylon Town Code § 213-206 provides: "In a GB Industrial District, outside storage of materials will be permitted only in the rear yard and in conjunction with and as accessory to the use of the main building or structure erected on the premises, and provided that the area used for that purpose shall be completely enclosed by a chain link fence at least six (6) feet in height. Said outside storage area shall not occupy parking area."

"Generally, a use variance will allow use of land as a matter of discretion in circumstances when the desired exceptional use has been proscribed by the zoning regulations" (*Matter of Khan v Zoning Bd. of Appeals of Vil. of Irvington*, 87 NY2d 344, 351 [1996]). Here, the relevant use, "outside storage of materials," is permitted in the GB Industrial district only "in conjunction with and as accessory to the use of the main building or structure erected on the premises." However, as alleged in the amended petition, the subject property "is vacant land and has no main building or structure." Hence, the petitioner's application was properly considered by the Board under the standards governing the issuance of use variances (*see* Town Law § 267-b [2] [b]).

Nevertheless, under the circumstances of this case, the Board's determination must be annulled because the Board failed to comply with Town Law § 267-a (5) (a) which, insofar as is relevant here, requires that a determination be filed with the town clerk's office "within five business days from the day it is rendered." In this case, the determination was rendered on June 1, 2000, but was not filed with the town clerk's office until September 19, 2002. The Board offered no explanation whatsoever for this 27-month delay (*cf. Matter of Platzman v Munno*, 184 Misc 2d 201, 203 [2000], *affd* 282 AD2d 539 [2001]). Under these circumstances, the matter must be remitted to the Board for a new determination.

In light of the foregoing, we do not reach the parties' remaining contentions. Adams, J.P., Krausman, Spolzino and Fisher, JJ., concur.