John H. Galloway, Jr., J.
Defendant appeals from a judgment of conviction entered in the court of the Justice of the Peace of the Town of Bedford (Banks, J.), after trial without a jury, convicting her of disorderly conduct for violation of the “ Town of Bedford Zoning Ordinance of 1946” (art. IV, § 1) — operating a hairdressing business in a residential district, a use not permitted therein and for which no permit or variance had been obtained. She was fined $50, execution of which was suspended.
The sole question presented is whether the defendant’s conduct of a hairdressing business in a residential district constitutes an illegal use under Bedford’s Zoning Ordinance, and, therefore a violation thereof. In our opinion it does.
*301 On the trial defendant stipulated that the facts alleged in the information were true, as above related, and in addition that on the day in question she performed hairdressing services on a patron therein named. Defendant pleaded not guilty of the violation charged.
It appears that defendant’s premises were located in a Residence Village Apartment or “ VA ” Residence District. Article IV of the Bedford Zoning Ordinance, which, by its terms, is a “permissive type” ordinance, provides for the permissible “ Use of Buildings and Premises ”. Section 1 of article IV provides for the permitted uses in various residential use districts, including those uses permitted in a “ VA ” or Village Apartment Residence District. A hairdressing business is not one of the listed permitted uses in such district.
Subdivision E of section 1 of article IV of the ordinance provides as follows:
“No land, building or structure shall be used for other than one or more of the following, with its usual accessories * * *
‘ ‘ E. Customary home occupations such as dressmaking, millinery, cooking for consumption off the premises, conducted by resident occupants in the residence building and not in an accessory building, and provided that such occupation shall not occupy more than one-half the area of one floor, and provided further no display or advertising shall be permitted other than a small sign not exceeding one (1) square foot in area ”.
It is defendant’s position that “beauty culture work”, by which we assume she means the “ Hairdressing business ”, mentioned in the information and which she admitted she was conducting, is a “ customary home occupation ” within the language of subdivision “E” above quoted; and that it was the local legislative intention to include the hairdressing business as a “ customary home occupation ” as a permitted use in a “ VA ” Residence District equally with the examples of other such occupations therein given of dressmaking, millinery, etc.
The Bedford Ordinance does not define ‘ ‘ customary home occupation” as used in the 1946 ordinance. In the absence of such definition, we refer to section 4(g)4 of the 1929 Zoning Ordinance, which set forth the various permitted Residence District uses, provided as follows: Section 4(g)4. Home Occupations. “ Customary home occupations such as dressmaking, millinery, hairdressing, manicuring, laundering, preserving and home cooking, conducted by resident occupants in the residence building” (emphasis added), and we observe that, in adopting its 1946 Zoning Ordinance now in effect, the Town of Bedford has eliminated hairdressing, as well as manicuring and launder *302 ing as examples of permissible customary home occupations. We think the town’s legislative body has made an intentional distinction between hairdressing on the one hand and dressmaking and millinery on the other. It is reasonable, therefore, in our opinion for us to conclude that in eliminating the former and retaining the latter, the governing body determined that hairdressing and its synonymous occupations of 1 ‘ beauty culture ” and “ cosmetology ” were no longer recognized as home occupations customarily incidental to the use of a premises as a residence, in the Town of Bedford, and consequently not permissible in a “ VA ” Residence District. “ The initial question of whether a particular use is encompassed by the phrase ‘ customarily incidental ’ to a primary use is, of course, a matter of interpretation of the ordinance ”. (1 Rathkopf, Law and Zoning and Planning [3d ed., 1962], ch. 23-6.)
In our opinion, in determining the time sense in which the phrase “ customary home occupation ” is used in the ordinance here involved, it is to be interpreted as having been ‘ ‘ customary ’ ’ at the time the ordinance was drafted and enacted, since it is in this instance necessary to ascertain the legislative intent on the subject at the time of enactment of the 1946 Zoning Ordinance. We have applied that test in reaching our conclusion above stated. “Whether certain occupations per se are such that they cannot be engaged in on the premises without affecting the use of the premises as a residence is a legislative problem * * *. Hence we shall not make such distinction between either dressmaking or millinery or home cooking and beauty culture, but must leave that problem to the judgment of the local municipal legislative body based on its knowledge of conditions peculiar to a particular locality.”
So spoke the Supreme Court of New Jersey in Jantausch v. Borough of Verona (24 N. J. 326, 334-335, affg. 41 N. J. Super. 89) wherein the court upheld a beauty salon or beauty shop as a “ home occupation ”, pointing out that the zoning ordinance did not limit the use to ‘ ‘ customary ’ ’ home occupations, but to ‘ ‘ home ’ ’ occupations. The court there clearly inferred that “ customary home occupations” would not include a beauty salon.
In Boreth v. Philadelphia Zoning Bd. of Adjustment (396 Pa. 82) appellant’s application for a permit to operate a beauty shop in her residence had been denied. In affirming such denial, the Supreme Court of Pennsylvania held that such a beauty shop conducted in a residence, was not a “ home occupation ”, within the meaning of the Philadelphia Zoning Ordinance which permitted accessory uses in residential districts, as that phrase *303 was defined therein, viz.: ‘ ‘ Any lawful occupation customarily conducted in a dwelling as an incidental use ” (emphasis added).
Defendant urges strongly in support of her position the decision in Matter of Wise v. Michaelis (203 N. Y. S. 2d 247, affd. no opn. 12 A D 2d 788 [2d Dept.]) wherein the Supreme Court, Nassau County, annulled a determination of the Board of Zoning Appeals, Town of Hempstead, denying petitioner a permit to use a portion of her residence to practice hairdressing and cosmetology, and directed the issuance of the permit. The Hempstead Ordinance expressly permitted certain accessory uses in a Residence “ B ” District, in the following pertinent language: “ Accessory use * * * customarily incidental to any of the above permitted uses, * * *. This shall be understood to include the professional office or studio of a doctor, dentist, masseur, teacher, artist, architect, real estate broker, engineer, musician, or lawyer, or rooms used for home occupations such as dressmaking, millinery or similar handicrafts ” (emphasis added).
It appears from the record and decision in Matter of Wise v. Michaelis (supra) that the petitioner contended that her occupation was similar to that of a masseur. She concededly did not base her application upon the claim that hers was a home occupation, but solely upon its similarity to the “ profession ” of a masseur which was listed as one of the permitted accessory uses in the Hempstead Ordinance. The Supreme Court (per C. A. Jomsrsorr, J.) said (203 N. Y. S. 2d 249): “A masseur or masseuse is a person who practices massage. The modern beauty parlor provides massage of the scalp, face and body as part of its services. Clearly, the activity of the petitioner here is permissible to the extent of massage of the scalp and face. Certainly it was not the intention of the legislature to permit treatment of the face and scalp without the concomitant treatment of the hair ’ ’.
We think that the decision in Wise (supra) was clearly based upon the similarity of the petitioner’s proposed practice to the practice of a masseuse, which was an expressly permitted accessory use, and not upon a determination that the practice of hairdressing and cosmetology was a 1 ‘ customary home occupation ’ ’ within the ordinance reference to ‘ ‘ home occupations such as dressmaking, millinery or similar handicrafts ”. We conclude that Matter of Wise v. Michaelis (supra) is not controlling authority in support of defendant’s position that her hairdressing business is a “customary home occupation” expressly permitted by the Bedford Zoning Ordinance.
*304 Having determined that such use is not permitted under the Zoning Ordinance of 1946 of the Town of Bedford, it follows that the defendant’s conduct of hairdressing business in her residence on the day charged was in violation of said ordinance, and, pursuant to section 9 (b) of article I of the ordinance, such violation constituted disorderly conduct. There being no dispute as to the acts of the defendant alleged to have constituted the violation charged, we reach the conclusion that she was proved guilty as charged ¡beyond a reasonable doubt.
Defendant claims, without documentation and exposition of the facts and circumstances, that at an unspecified date the Town of Bedford granted permission to a named individual to operate a beauty salon in a more restricted residential area than this defendant operated in, which ‘ ‘ indicates that it is a legal use ”. Such an unsubstantiated reference cannot, of course, be considered effective to avoid the determination here made.
Defendant’s affidavit of appeal assigned six alleged errors of the trial court in support of her requested reversal of her conviction. Except to the extent of her contentions urged on appeal, she has abandoned the other grounds alleged, and they therefore need not be considered.
The judgment of conviction is affirmed on the law and facts.