OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The rule that a zoning ordinance is to be strictly construed in favor of the property owner (see Matter of Allen v Adami, 39 NY2d 275, 277) is subject to the limitation that where it is difficult or impractical for a legislative body to lay down a rule which is both definitive and all-encompassing, a reasonable amount of discretion in the interpretation of the legislative direction may be delegated to an administrative body or official (Matter of Barney's, Inc. v Department of Fin., 61 NY2d 786; Matter of Marburg v Cole, 286 NY 202, 212). Under a zoning ordinance which authorizes interpretation of its requirements by the board of appeals, specific application of a term of the ordinance to a particular property is, therefore, governed by the board’s interpretation, unless unreasonable or irrational (Matter of 440 E. 102nd St. Corp. v Murdock, 285 NY 298,309; Matter of Albert v Board of Stds. & Appeals, 89 AD2d 960, 962; Corter v Zoning Bd. of Appeals, 46 AD2d 184, 186).
At issue on this appeal is whether petitioner may subdivide his residential plot by the creation of a pothandle or flag-shaped parcel on which the new residence would be located behind the present residence. The proposed new parcel concededly conforms to ordinance requirements in all respects other than average width. Whether it conforms to the latter requirement turns on where its rear lot line is located. Section 220 of the ordinance defines “rear lot line” as the “line which is generally opposite the front lot line” but provides an alternative definition if the lot comes to a *826 point at the rear, and section 411.05 authorizes the board of appeals to determine the proper application of any requirement of the ordinance to a particular parcel “of peculiar or irregular shape.” On the record before us the board’s conclusion that the line which petitioner contends is the rear lot line is not generally opposite the front lot line and that the lot comes to a point in the rear is neither unreasonable nor irrational. A variance was, therefore, required.
We agree with the Appellate Division, however, for the reasons stated in its memorandum (96 AD2d 1043), that the board’s denial of petitioner’s variance application was reasonable and was supported by substantial evidence.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.