■ In the Matter of CURTIS CASE, INC., Respondent, v GUY SHAW, as Chairman of the Zoning Board of Appeals of the City of Port Jervis, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the City of Port Jervis (hereinafter the Board of Appeals) which revoked a building permit, the appeal is from an amended judgment and order (one paper) of the Supreme Court, Orange County (Owen, J.), dated February 6, 1987, which ordered the Building Official of the City of Port Jervis (hereinafter the Building Official) to reissue the revoked permit within 30 days of the entry of the amended judgment and order.

Ordered that the amended judgment and order is affirmed, with costs.

On April 17, 1985, the Planning Board of the City of Port Jervis approved the petitioner's site plan for a structure consisting of units to be used for the storage of personal property or household goods and vehicles or other fuel-driven equipment, provided that the fuel tanks thereof are empty, on property located at 20-22 Orange Street, in Port Jervis, in a Central Commercial (hereinafter C-C) zone under the Code of the City of Port Jervis, in which "storage garages, exclusive of any automobile repair or fuel sales" (Code of City of Port Jervis § 158-12 [A] [7]) are permitted. In October 1985, after construction work had commenced, the Building Official issued a stop-work order on the ground that the "site plan was approved for block storage buildings with no openings or doors to be facing the residents" and that the structure being erected did not conform to the site plan. The petitioner contested the stop-work order and, on November 19, 1985, the Corporation Counsel of the City of Port Jervis informed the Planning Board that it was his opinion that the petitioner's proposed use was not a permitted use in the C-C zone and advised the Planning Board to reject the petitioner's application and to direct it to seek a use variance or a zone change if it wished to continue work on the project.

On December 4, 1985, a public hearing was held, upon the petitioner's application to the Board of Appeals for a determination that its proposed use was a permitted use under the zoning ordinance, or, in the alternative, for a use variance. The Board of Appeals denied that application. The petitioner thereupon commenced a proceeding pursuant to CPLR article 78, arguing that its proposed use was a permitted use within the meaning of a "storage garage". The Supreme Court remitted the matter to the Board of Appeals for specific findings of fact. Thereafter, the Board of Appeals determined that, although the Code of the City of Port Jervis does not contain a definition of "storage garage", the uses set forth in section 158-12 (A) (7) are related to and involve automobiles and that the petitioner's proposed use is permitted under section 158-13 (A) (2) which permits "[w]holesale, retail, storage and warehousing establishments" in Service Commercial zones but not in the zone in question. The Board of Appeals therefore concluded, *inter alia,* that the previously issued building permit was null and void, acknowledged that the petitioner had expended substantial sums of money in reliance upon the building permit, but stated that the petitioner was not enti-

tled to a use variance because no evidence was submitted concerning the essential character of the neighborhood, even though it was well aware that a moving and storage business existed in the subject commercial area. The Supreme Court vacated that determination and ordered the Building Official to reissue the revoked building permit. We agree with the Supreme Court that the decision of the Board of Appeals was unreasonable and accordingly, affirm.

Zoning laws must be given a strict construction since they are in derogation of common-law rights *(Matter of 440 E. 102nd St. Corp. v Murdock,* 285 NY 298, 304). While specific application of a term of the zoning ordinance to a particular property is generally governed by the board's interpretation *(Matter of Frishman v Schmidt,* 61 NY2d 823, 825), its interpretation is "not entitled to unquestioning judicial deference, since the ultimate responsibility of interpreting the law is with the court" *(Matter of Exxon Corp. v Board of Stds. & Appeals,* 128 AD2d 289, 296, *lv denied* 70 NY2d 614). The Port Jervis Code does not define "storage garage", which Professor Anderson notes has been defined by some codes as "[a] main or accessory enclosed building with doors, other than a private garage, used for parking or temporary storage" (1 Anderson, New York Zoning Law and Practice § 17.04, at 758 [3d ed]). "If a definition is essential, it should be tailored to the specific requirements of the ordinance" (1 Anderson, New York Zoning Law and Practice § 17.04, at 748 [3d ed]). Here, the petitioner intends to rent units for storage of personal property or household goods and vehicles or fuel driven equipment provided that the fuel tanks are empty, which use may reasonably be considered a "storage garage". The exercise of the police power by States and municipalities through zoning ordinances and regulations "finds justification only in promotion of public health, public safety, public welfare and good order to the end that public convenience and general prosperity may be attained" *(Matter of 440 E. 102nd St. Corp. v Murdock, supra,* at 304). There is no evidence or finding that any public health, safety or welfare purpose will be served by the Board of Appeals' prohibition of the petitioner's commercial storage units in a commercial district in which the proposed use already exists and which would not change the character of the area. Thus, the determination of the Board of Appeals is not sustainable. Inasmuch as we find that the proposed use is not prohibited by the Port Jervis Code, no special exception permit is required and the Supreme Court properly directed the Building Official to reissue the revoked

building permit. Thompson, J. P., Brown, Weinstein and Rubin, JJ., concur.