■ CITY OF WHITE PLAINS, Appellant, v FRANK DERUVO, Respondent.—In an action, *inter alia,* to enjoin the defendant from using his residential premises in violation of the Zoning Ordinance of the City of White Plains, the plaintiff appeals from (1) an order and judgment (one paper) of the Supreme Court, Westchester County (Nastasi, J.), entered January 5, 1989, which denied its motion for summary judgment and, upon searching the record, awarded summary judgment in favor of the defendant dismissing the complaint, and (2) an order of the same court, entered March 28, 1989, which denied its motion denominated as one for leave to renew and reargue.

Ordered that the order and judgment (one paper) is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from the order entered March 28, 1989, is dismissed, without costs or disbursements.

We find that the Supreme Court correctly determined that the defendant's use of his premises constituted a "Customary Home Occupation" (City of White Plains Zoning Ordinance § 2.4). The only use by the defendant of his residence in connection with his limousine service was to receive telephone calls in response to which he, or his son, utilized various limousines for transportation of paying passengers to the airport. It is undisputed that none of the customers arrived at, nor departed from, the defendant's residence. Nor were there any external indicia of the transportation business displayed at the defendant's residence. Accordingly, the court properly granted summary judgment dismissing the complaint.

The appeal from the denial of the plaintiff's motion, denominated as a motion for renewal and reargument, must be dismissed. Although the plaintiff submitted certain additional facts in support of its motion, this information was a matter of public record, available to it at the time of the original motion. The plaintiff failed to offer a valid excuse as to why these additional facts were not submitted upon the original motion *(see, Foley v Roche,* 68 AD2d 558, 568). Under the circumstances, we find that the motion was actually one for reargument, the denial of which is not appealable *(see, e.g., Huttner v McDaid,* 151 AD2d 547; *Mgrditchian v Donato,* 141

AD2d 513). Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.