■ LYLA UHLER, Formerly Known as LYLA FONTANA, Appellant, v WAYNE P. STIX et al., Respondents.—In an action to recover damages for legal malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Burrows, J.), dated July 5, 1989, as (1) denied her motion for reargument of a prior application of the defendants and her ex-husband to quash subpoenas issued by the plaintiff to nonparties, which had been granted by order of the same court, dated November 16, 1988, and (2) granted those branches of the defendants' cross motion which were to (a) preclude the plaintiff from utilizing evidence obtained pursuant to the quashed subpoenas, and (b) dismiss

so much of the plaintiff's complaint as is predicated upon an alleged failure of the defendants to uncover, in a prior matrimonial action, assets of the plaintiff's former husband.

Ordered that the appeal from so much of the order dated July 5, 1989, as denied the plaintiff's motion for reargument, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that so much of the order dated July 5, 1989, as granted in part the defendants' cross motion is modified by deleting the provision thereof which granted that branch of the cross motion which was to dismiss the cause of action asserted in the complaint purportedly alleging legal malpractice based upon the defendants' failure to uncover assets allegedly obtained illegally by the plaintiff's ex-husband, and substituting therefor a provision denying that branch of the motion on the ground that no such cause of action is asserted; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced the instant action alleging, *inter alia,* that her former attorneys had committed legal malpractice in a prior divorce action between her and her ex-husband by failing to properly and fully conduct discovery as to the financial circumstances of her ex-husband, and, more specifically, by allegedly failing to obtain disclosure of confidential material from nonparties, namely, various banks and financial institutions where her ex-husband had purportedly secreted assets. In affidavits submitted by the plaintiff and her attorney, it was further contended that certain of these secreted assets had been obtained illegally by her ex-husband. In the instant action, the plaintiff issued subpoenas to various nonparties which the Supreme Court, in an order dated November 16, 1988, upon the applications of the defendants and the plaintiff's ex-husband, later quashed. The plaintiff then moved for reargument, contending, *inter alia,* that the court had erred in quashing the subpoenas. The defendants cross-moved, *inter alia,* (1) to preclude the use by the plaintiff of certain materials produced by the nonparties prior to the quashing of the subpoenas, and (2) to dismiss that portion of the plaintiff's complaint which purportedly alleged legal malpractice for the defendants' failure to discover, in the prior divorce action, assets and income which the plaintiff's ex-husband had allegedly obtained illegally.

We note initially, that the plaintiff's appeal from so much of the court's order as denied reargument of the defendants' motion to quash the subpoenas must be dismissed, as no

appeal lies from an order denying reargument *(see, Feehan v Feehan,* 166 AD2d 411; *City of White Plains v Deruvo,* 159 AD2d 534; *Huttner v McDaid,* 151 AD2d 547).

Further, the court did not err in granting that branch of the defendants' cross motion relating to the materials produced in response to the nonparty subpoenas. Where a motion to quash is granted, it results in "completely voiding the process" *(Matter of Santangello v People,* 38 NY2d 536, 539). Accordingly, the court properly precluded the plaintiff from presenting any evidence at trial derived from materials which had been produced in response to the quashed subpoenas.

Finally, we conclude that the court erred in dismissing what it described as "claims in the complaint * * * that allege legal malpractice for defendants' failure to discover in the divorce action assets and income of plaintiff's former husband allegedly obtained by illegal transactions". A review of the record discloses that the complaint contains no allegations concerning illegally obtained property. Rather, the plaintiff's assertions relating to illegally obtained assets were set forth in certain affidavits submitted to the Supreme Court in connection, *inter alia,* with the plaintiff's application for reargument and in her opposition to the defendants' cross motion. Since the complaint does not contain the cause of action purportedly dismissed by the Supreme Court, so much of the order appealed from as granted that branch of the defendants' cross motion which was for such a dismissal constituted error. Lawrence, J. P., Kooper, Harwood and Balletta, JJ., concur.