■ In the Matter of EVELYN H. SIMON, Appellant, v BOARD

OF APPEALS ON ZONING OF THE CITY OF NEW ROCHELLE et al., Respondents. [618 NYS2d 729] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Appeals on Zoning of the City of New Rochelle, dated March 3, 1992, denying the petitioner's application to convert a family room in her single-family residence for use as an office for management consulting services, the petitioner appeals, as limited by her brief, from a judgment of the Supreme Court, Westchester County (Cowhey, J.), entered April 1, 1993, which dismissed the proceeding.

Ordered, that the judgment is affirmed, with costs.

The Supreme Court properly found that the determination of the Board of Appeals on Zoning of the City of New Rochelle (hereinafter Zoning Board) was not unreasonable, irrational, arbitrary, or an abuse of discretion *(see, Matter of Frishman v Schmidt,* 61 NY2d 823, 825; *Matter of Cowan v Kern,* 41 NY2d 591, 597; *Matter of Criscione v Wallace,* 145 AD2d 697, 698). The Zoning Board could properly construe Zoning Code of the City of New Rochelle § 331-16 (A) (3), to limit the commonly understood meaning of the term "professional person" to a person engaged in activity similar to the professions specifically listed in the section, and the petitioner failed to present any evidence of specialized or long-term training or a license which would qualify her as a "professional person" such as those listed in the statute or within the common meaning of the term *(see,* Zoning Code of City of New Rochelle § 331-16 [A] [3]; *see also, Matter of Geiffert v Mealey,* 293 NY 583; *People v Cully Realty,* 109 Misc 2d 169, 170; *People v Marcus,* 142 Misc 2d 908, 909-910; *Matter of Schweizer v Board of Zoning Appeals,* 8 Misc 2d 878, 879-880; *City of New Rochelle v Friedman,* 190 Misc 654, 656-658).

The Zoning Board could also properly determine that the petitioner's management consulting service did not fall in the class of "[c]ustomary home occupations, such as dressmaking or millinery" within the meaning of Zoning Code of the City of New Rochelle § 331-16 (A) (4) *(see, e.g., People v Nicosia,* 42 Misc 2d 300; *compare, Matter of Wise v Michaelis,* 203 NYS2d 247, *affd* 12 AD2d 788). We have considered the petitioner's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.