█ In the Matter of Harry Saglibene, Appellant, v Jack Baum et al., Respondents. [668 NYS2d 39] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Zoning Appeals of the Town of Mount Pleasant, dated April 11, 1996, which denied the petitioner's application for an interpretation of the zoning ordinance so as to permit the use of his residential property for a fence construction business as a pre-existing, nonconforming, "customary home occupation" use, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Lefkowitz, J.), dated September 17, 1996, which denied the petition and dismissed the proceeding. The notice of appeal from the decision entered August 26, 1996, is deemed a premature notice of appeal from the judgment dated September 17, 1996.

Ordered that the judgment is affirmed, with costs.

The petitioner was served with a criminal summons concerning the use of his residential property for a fence construction business. He sought a determination from the respondent Board of Zoning Appeals of the Town of Mount Pleasant (hereinafter the Board) that the fence construction business conducted on his property constituted a pre-existing, nonconforming use as a "customary home occupation" under a former zoning ordinance which had provided, *inter alia,* that: "[t]he office of a doctor, artist, lawyer or any other customary home occupation shall be permitted as an incidental use when not located outside the dwelling house, provided there is no display or advertisement of any kind other than the ordinary small name-plate". The Board found that the petitioner's fencing business was not a "customary home occupation" within the meaning of the former zoning code and therefore was not a pre-existing, nonconforming legal use. The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to annul the determination. The Supreme Court upheld the Board's determination, and we affirm.

The petitioner is correct that the plain language of the former zoning ordinance at issue does not limit the definition of a "customary home occupation" to a professional office (*see, e.g., Matter of Simon v Board of Appeals on Zoning,* 208 AD2d 931). Further, that zoning ordinance, being in derogation of the common law, must be strictly construed against the municipality (*see, Matter of Frishman v Schmidt,* 61 NY2d 823). However, where, as here, the Town Board which enacted the zoning ordinance has not laid down a definitive and all-encompassing regulation, a reasonable amount of discretion is afforded the administrative body or official interpreting that ordinance, and the interpretation of such a body or official governs unless unreasonable or irrational (*see, Matter of Frishman v Schmidt, supra; Corter v Zoning Bd. of Appeals,* 46 AD2d 184). Here, the Board's determination that a fence construction business is not a traditional "customary home occupation" was neither unreasonable nor irrational (*see, Matter of Carbonara v Sacca,* 45 AD2d 1006; *Bond v Cooke,* 237 App Div 229; 1 Anderson, New York Zoning Law and Practice, Home Occupations, §§ 12.02—12.18; 7 Rohan, Zoning and Land Use Controls, Accessory Uses, §§ 40A.01—40A.05). Indeed, the petitioner's fence construction business did not qualify as a "customary home occupation" under the express terms of the former zoning ordinance, which prohibited any such use from being "located outside the dwelling house". Here, the premises were used to store materials

and machinery in open view and, at least occasionally, materials were delivered to the premises by tractor-trailer (*cf., Matter of Presnell v Leslie,* 3 NY2d 384, 388; *Matter of Baker v Polsinelli,* 177 AD2d 844; *City of White Plains v Deruvo,* 159 AD2d 534). Accordingly, the Board's determination was neither arbitrary nor capricious (*see, Matter of Frishman v Schmidt, supra; Fuhst v Foley,* 45 NY2d 441). O'Brien, J. P., Ritter, Thompson and Joy, JJ., concur.