■ In the Matter of LUKE KREYE, Respondent-Appellant, v JOSEPH BORDINO et al., Appellants-Respondents. [754 NYS2d 584] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Oyster Bay dated November 2, 2000, which, after a hearing, denied the petitioner's application for area variances, Joseph Bordino, Wayne R. Brown, Susan Cloninger, Fanny Corsentino, Scott F. Guardino, Jack Libert, and Jacqueline A. Watters appeal from so much of an order of the Supreme Court, Nassau County (Dunne, J.), entered October 22, 2001, as granted the petition to the extent of vacating the determination, and the petitioner cross-appeals from so much of the same order as remitted the matter for an evidentiary hearing on the issue of drainage before determining his application for area variances.

Ordered that on the Court's own motion, the notice of appeal and notice of cross appeal are treated as applications for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof directing that an evidentiary hearing be held on the issue of drainage; as so modified, the order is affirmed insofar as appealed and cross appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment granting the petition and directing the Zoning Board of Appeals of the Town of Oyster Bay to issue the area variances.

Pursuant to Village Law § 7-712-b (3) (b), in determining an application for an area variance, a zoning board must engage in a balancing test, considering the five factors set forth in the statute, and weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community (see Matter of Sasso v Osgood, 86 NY2d 374). Here, the determination of the Zoning Board of Appeals of the Town of Oyster Bay (hereinafter the Zoning Board) was not supported by substantial evidence in the record. Accordingly, the Supreme Court properly vacated the determination. However, since the Supreme Court properly found that the Zoning Board's determination was not supported by substantial evidence, the Supreme Court should have directed the Zoning Board to issue the area variances to the petitioner rather than remit that matter to the Zoning Board for an evidentiary hearing on the issue of drainage (see Matter of Bianco Homes II v Weiler, 295 AD2d 506). Altman, J.P., Smith, McGinity and Townes, JJ., concur.