■ In the Matter of Susan G. Arceri, Respondent, v Town of Islip Zoning Board of Appeals et al., Appellants. [791 NYS2d 149]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Zoning Board of Appeals of the Town of Islip dated August 6, 2002, which, after a hearing, denied the petitioner's application for an interpretation of Islip Town Code § 68-3 that the proposed accessory use of her home was a permissible home occupation, the appeal is from an order of the Supreme Court, Suffolk County (Molia, J.), dated August 6, 2003, which granted the petition to the extent of remitting the matter to the Zoning Board of Appeals of the Town of Islip for reconsideration of the application and the issuance of a decision setting forth specific findings of fact supporting its determination.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof directing that the Zoning Board of Appeals of the Town of Islip reconsider the application and issue a decision setting forth specific findings of fact supporting its determination, and substituting therefor a provision directing the Town of Islip Zoning Board of Appeals to issue a determination interpret-

ing Islip Town Code § 68-3 such that the proposed accessory use of the petitioner's home is a permissible home occupation; and so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment granting the petition and directing the Zoning Board of Appeals of the Town of Islip to issue such a determination.

In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, judicial review is limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Fuhst v Foley*, 45 NY2d 441, 444-445 [1978]; *Matter of Westervelt v Zoning Bd. of Appeals of Town of Woodbury*, 7 AD3d 964 [2004]; *Matter of Ferraris v Zoning Bd. of Appeals of Vil. of Southampton*, 7 AD3d 710, 711 [2004]; *Matter of Perla v Heller*, 251 AD2d 419, 420 [1998]). As a general rule, zoning ordinances are in derogation of the common law and must be strictly construed against the municipality (*see Matter of Frishman v Schmidt*, 61 NY2d 823, 825 [1984]). However, this rule is subject to the limitation that where, as here, it would be difficult or impractical for a legislative body to promulgate an ordinance which is both definitive and all-encompassing, a reasonable amount of discretion in the interpretation of the ordinance may be delegated to an administrative body or official (*id.*). The interpretation of the zoning board of appeals or the official governs unless unreasonable or irrational (*see Matter of Frishman v Schmidt, supra*; *Matter of New York, SMSA Ltd. Partnership v Town of Islip Planning Bd.*, 300 AD2d 307, 309 [2002]; *Matter of Saglibene v Baum*, 246 AD2d 599, 600 [1998]).

It is undisputed that the testimony at the public hearing conducted by the Zoning Board of Appeals of the Town of Islip (hereinafter the Board) established that the proposed accessory use of the garage attached to the petitioner's home as an office for her husband's mortgage broker business complied with the threshold requirements of the ordinance at issue as to number of employees, outside signs, etc. (*cf. Matter of Dost v Chamberlain-Hellman*, 236 AD2d 471, 472 [1997]; *Matter of Saglibene v Baum, supra*). However, the Board determined that the use was not a permissible home occupation. The Board premised its determination on its apparent disbelief of the uncontroverted evidence presented by the petitioner at the hearing, and its concomitant substitution of its own conclusory suppositions contradicting the hearing testimony. It also based its

determination on its finding that the profession of a mortgage broker is closer in character to that of the prohibited home occupation of a real estate broker than it is to the permissible home occupation of an insurance broker.

The ordinance at issue (Islip Town Code § 68-3) provides that home offices of a "single physician, dentist, chiropractor, lawyer, architect, engineer, surveyor, accountant, financial planner, insurance agent or teacher" are permissible home occupations as of right. Contrary to the Board's interpretation, the ordinance specifies that "similar uses, which do not alter the character of the house as a residence, may . . . be permitted" (*id.*). Thus, the Board's determination should have been guided by whether the proposed use altered the residential character of the home, which the hearing evidence established it did not, rather than by whether the profession of a mortgage broker is more like that of an insurance broker or a real estate broker.

Under the facts of this case, the Supreme Court should have granted the petition and directed the Board to issue the requested interpretation of Islip Town Code § 68-3 to the petitioner, rather than remit the matter to the Board (*see Matter of Kreye v Bordino*, 302 AD2d 465 [2003]; *Matter of Bianco Homes II v Weiler*, 295 AD2d 506, 506-507 [2002]). Florio, J.P., Cozier, Rivera and Skelos, JJ., concur.