In the Matter of 151 ROUTE 17M ASSOCIATES, LLC, Appellant, v ZONING BOARD OF APPEALS OF VILLAGE OF HARRIMAN, Respondent. [796 NYS2d 422]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Harriman, dated July 28, 2003, which, after a hearing, interpreted section 140-33 of the Village of Harriman Code to mean

"that required off-street parking spaces which may be located elsewhere than on the principal lot are those that are minimally required by the Code and do not include any discretionary, additional parking that the [petitioner] may wish to use in connection with [its] principal use," the petitioner appeals from a judgment of the Supreme Court, Orange County (McGuirk, J.), dated June 28, 2004, which confirmed the determination and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner owns a vacant lot in the Village of Harriman which it wants to lease to an adjacent service station, Loyal Auto and Tire, Inc. (hereinafter Loyal), for use as additional parking space in connection with Loyal's business. Prior to filing a site plan, the petitioner sought from the respondent Zoning Board of Appeals of the Village of Harriman (hereinafter the Zoning Board) an interpretation of Village of Harriman Zoning Code § 104-33 (hereinafter the Code), which reads, in relevant part:

"144-30. Required off-street parking.

"A. No building or premises shall be built or erected, nor shall any building be altered so as to expand its usable floor area, nor shall the use of any building or premises be expanded or changed unless there is provided parking area upon the premises upon which the use or structure is located in accordance with Column 9 of the Schedule of District Regulations, except as provided in Subsection B below.

"B. Required off-street parking spaces may be located elsewhere than on the same lot with the use to which it is appurtenant, provided that it shall be in the same zone as the use to which it is appurtenant, and further provided that it not be more distant from the principal entrance or entrances to the structure it serves than . . . 400 feet in the case of a B-2 use . . . and provided that all such space, through ownership or permanent easement is under the control of the owner or operator of the use to which space is appurtenant."

At all relevant times, it is undisputed that Loyal was in compliance with the requirements of section 144-30 (A) of the Code. Nevertheless, the petitioner contended before the Zoning Board that section 144-30 (B) of the Code conferred upon business owners and operators such as Loyal an open-ended right to expand their parking areas beyond the required number of off-street parking spaces mandated in column 9 of the Schedule of District Regulations. The Zoning Board disagreed. The petitioner then commenced the instant CPLR article 78 proceeding, and the Supreme Court, inter alia, confirmed the Zoning Board's determination. We affirm.

As a general rule, a zoning board's interpretation of a zoning ordinance "must be given great weight and judicial deference, so long as the interpretation is neither irrational, unreasonable nor inconsistent with the governing statute" (*Matter of Toys "R" Us v Silva,* 89 NY2d 411, 418-419 [1996] [internal quotation marks omitted]). Nevertheless, a narrow but well recognized exception to this rule exists where "the question is one of pure legal interpretation of statutory terms," in which case deference to the zoning board is not required (*id.* at 419; *see Matter of New York Botanical Garden v Board of Standards & Appeals of City of N.Y.,* 91 NY2d 413, 419 [1998]; *Matter of Raritan Dev. Corp. v Silva,* 91 NY2d 98, 102 [1997]; *Matter of Beekman Hill Assn. v Chin,* 274 AD2d 161, 166-167 [2000]).

Here, the Zoning Board correctly interpreted section 140-33 of the Code. The limited and obvious purpose of section 140-33 of the Code is to avoid congestion on the streets by ensuring that business owners and operators, such as Loyal, provide a certain amount of off-street parking for their customers and employees. To this end, section 140-33 (A) of the Code imposes a specific obligation on such owners and operators, which is triggered whenever the owner or operator builds or erects a building or premises, alters a building so as to expand its usable floor area, or expands or changes the use of any building or premises. To the extent that section 140-33 (B) of the Code conditionally permits the use of off-premises parking areas, it is clear that such right is conferred for the limited purpose of allowing a business owner to meet its obligations under section 140-33 (A) of the Code. Since it was undisputed that Loyal already had the required number of off-street parking spaces for its existing business, and because there was no evidence that Loyal intended to alter its premises so as to necessitate the use of off-premises parking to meet its obligation under section 140-33 (A) of the Code, the Zoning Board correctly determined that section 140-33 of the Code is not relevant to the matter at bar. Thus, the petitioner's reliance on section 140-33 (B) of the Code as a legal basis for Loyal to expand its off-premises parking area is misplaced. Adams, J.P., Krausman, Rivera and Fisher, JJ., concur.