■ In the Matter of CATHY SANANTONIO, Appellant, v LOUIS LUSTENBERGER et al., Respondents. [901 NYS2d 109]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Irvington dated February 19, 2009, which, after a hearing, denied the petitioner's application to review an interpretation of the Village of Irvington Code by the Village of Irvington Building Inspector, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Loehr, J.), entered July 6, 2009, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

"In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, judicial review is limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion" (*Matter of Arceri v Town of Islip Zoning Bd. of Appeals*, 16 AD3d 411, 412 [2005]; *see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]). As a general rule, zoning ordinances are in derogation of the common law and must be strictly construed against the municipality (*see Matter of Frishman v Schmidt*, 61 NY2d 823, 825 [1984]; *Matter of Baker v Town of Islip Zoning Bd. of Appeals*, 20 AD3d 522, 523 [2005]). However, this rule is subject to the limitation that where, as here, it would be difficult or impractical for a legislative body to promulgate an ordinance which is both definitive and all-encompassing, a reasonable amount of discretion in the interpretation of the ordinance may be delegated to an administrative body or official (*see Matter of Frishman v Schmidt*, 61 NY2d at 825; *Matter of Arceri v Town of Islip Zoning Bd. of Appeals*, 16 AD3d at 412; *Matter of Saglibene v Baum*, 246 AD2d 599, 600 [1998]). "Under a zoning ordinance which authorizes interpretation of its requirements by the board of appeals, specific application of a term of the ordinance to a particular property is, therefore, governed by the board's interpretation, unless unreasonable or irrational" (*Matter of Frishman v Schmidt*, 61 NY2d at 825; *see Matter of Conti v Zoning Bd. of Appeals of Vil. of Ardsley*, 53 AD3d 545, 547 [2008]).

Here, the challenged interpretation of the Village of Irvington Code (hereinafter the Code) made by the Zoning Board of Appeals of the Village of Irvington (hereinafter the ZBA) was neither unreasonable nor irrational. The ZBA, which is authorized to interpret the provisions of the zoning chapter of the Code

(see Village of Irvington Code § 224-97 [A]), determined that the petitioner's proposed use of her residence for professional hairdressing did not qualify as a "[h]ome occupation[ ]" within the meaning of section 224-8 (B) (1) of the Code. The Code expressly enumerates both barbershops and beauty parlors as types of "[p]ersonal service stores" which are permitted in the "Business District B" zoning district (Village of Irvington Code § 224-36 [A] [2]). The ZBA considered this zoning provision during its review of the petitioner's application. "[I]t is a well-settled principle of statutory construction that a statute or ordinance must be construed as a whole and that its various sections must be considered together and with reference to each other" (*Matter of Armonas v Pratt*, 138 AD2d 697, 699 [1988] [internal quotation marks omitted]; *see* McKinney's Cons Laws of NY, Book 1, Statutes §§ 97, 98, 130). Since the rendering of beauty and hair care services is specifically authorized in a section of the Code setting forth permissible uses within a business district, it was neither unreasonable nor irrational for the ZBA to conclude that such services were not "[h]ome occupations" within the meaning of section 224-8 (B) (1) of the Code (*see Matter of Cohen v Bohrer*, 249 AD2d 388, 389 [1998]; *Matter of Saglibene v Baum*, 246 AD2d at 600-601; *Matter of Simon v Board of Appeals on Zoning of City of New Rochelle*, 208 AD2d 931 [1994]; *cf. Matter of Arceri v Town of Islip Zoning Bd. of Appeals*, 16 AD3d at 412-413).

The petitioner's remaining contentions are without merit. Rivera, J.P., Florio, Miller and Austin, JJ., concur.