In the Matter of HOWARD FRANK et al., Appellants, v ZONING BOARD OF TOWN OF YORKTOWN et al., Respondents. [917 NYS2d 697]—

Homeowners Tom Knoesel and Joan Knoesel (hereinafter together the Knoesels) applied to the Zoning Board of Town of Yorktown (hereinafter the Board) for an area variance to legalize an existing fence which was taller than permitted by the Town Code. The Knoesels subsequently requested variances for two small sheds on their property which did not meet setback requirements, and the Board amended their application to include this relief. The Board granted the application, concluding, inter alia, that legalizing the fence would not have an adverse impact on the neighborhood. The petitioners, who are neighbors of the Knoesels, thereafter commenced this proceeding pursuant to CPLR article 78 to review the Board's determination. The Supreme Court denied the petition and dismissed the proceeding, concluding that the Board's determination was rational and not arbitrary and capricious. We affirm.

Contrary to the petitioners' contention, the Board's failure to file its written decision in the office of the town clerk within five business days after it was rendered does not mandate an-

nulment of its determination (*see* Town Law § 267-a [9]). Town Law § 267-a (9) does not specify a sanction for failure to comply with the five-day filing requirement (*see generally Nyack Hosp. v Village of Nyack Planning Bd.*, 231 AD2d 617, 618 [1996]). In any event, the Board offered a reasonable explanation for its delay in filing its written decision, and the delay was not extensive (*see Matter of Platzman v Munno*, 184 Misc 2d 201, 203 [2000], *affd* 282 AD2d 539 [2001]; *cf. Matter of Barsic v Young*, 22 AD3d 488, 489 [2005]).

We also reject the petitioners' contention that the determination must be annulled because the Board failed to make specific factual findings as to each of the relevant statutory factors set forth in Town Law § 267-b (3) (b). The Board's decision specified the evidentiary basis upon which its determination relied, and is sufficient to permit an informed judicial review (*see Matter of Ohrenstein v Zoning Bd. of Appeals of Town of Canaan*, 39 AD3d 1041, 1043 [2007]; *Matter of Levada v Board of Zoning Appeals of Inc. Vil. of Freeport*, 199 AD2d 504, 505 [1993]; *Matter of Fischer v Markowitz*, 166 AD2d 444, 445 [1990]; *Matter of Buitenkant v Robohm*, 122 AD2d 791 [1986]; *cf. Matter of Serota v Town Bd. of Town of Oyster Bay*, 191 AD2d 700 [1993]).

Furthermore, the Supreme Court properly denied the petition and dismissed the proceeding. "Local zoning boards have broad discretion in considering applications for area variances" (*Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh*, 68 AD3d 62, 67 [2009]; *see Matter of Inlet Homes Corp. v Zoning Bd. of Appeals of Town of Hempstead*, 2 NY3d 769 [2004]; *Matter of Korzenko v Scheyer*, 78 AD3d 701 [2010], *lv denied* 16 NY3d 705 [2011]) and a zoning board's determination will be upheld if it is rational and not arbitrary and capricious (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384-385 [1995]; *Matter of Korzenko v Scheyer*, 78 AD3d 701 [2010]). Here, the Board's determination, which was based in part upon a site inspection of the property and a report of the Town Building Department, had a rational basis and was not arbitrary and capricious (*see* Town Law § 267-b [3] [b]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 614 [2004]; *Matter of Goldberg v Zoning Bd. of Appeals of City of Long Beach*, 79 AD3d 874 [2010]; *Matter of Celentano v Board of Zoning Appeals of Town of Brookhaven*, 63 AD3d 1156 [2009]).

The petitioners' remaining contentions are without merit. Prudenti, P.J., Eng, Belen and Sgroi, JJ., concur.