In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Mamaroneck dated May 5, 2011, which, after a hearing, denied the petitioner’s application for an interpretation of the Village of Mamaroneck Code § 342-21 (B) (7), inter alia, that a racing pigeon constituted a customary household pet and, in effect, determined that keeping a coop of 40 or more racing pigeons on the petitioner’s residential property was not a permissible accessory use, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Warhit, J.), entered October 27, 2011, which denied the petition and dismissed the proceeding.
Ordered that the judgment is affirmed, with costs.
“In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, judicial review is limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion” {Matter of Arceri v Town of Islip Zoning Bd. of Appeals, 16 AD3d 411, 412 [2005]; see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613 [2004]; Matter of Sanantonio v Lustenberger, 73 AD3d 934, 935 [2010]). As a general rule, zoning ordinances are in derogation of the common law and must be strictly construed against the municipality {see Matter of Frishman v Schmidt, 61 NY2d 823, 825 [1984]; Matter of Sanantonio v Lustenberger, 73 AD3d at 935; Arceri v Town of Islip Zoning Bd. of Appeals, 16 AD3d at 412). “However, this rule is subject to the limitation that where, as here, it would be difficult or impractical for a legislative body to promulgate an ordinance which is both definitive and all-encompassing, a reasonable amount of discretion in the interpretation of the ordinance may be delegated to an administrative body or official” {Matter of Arceri v Town of Islip Zoning Bd. of Appeals, 16 AD3d at 412; see Matter of Frishman v Schmidt, 61 NY2d at 825; Matter of Sanantonio v Lustenberger, 73 AD3d at 935). The interpretation of the zoning board of appeals or the official governs unless such interpretation is unreasonable or irrational {see Matter of Frishman v Schmidt, 61 NY2d at 825; Matter of Arceri v Town of *744 Islip Zoning Bd. of Appeals, 16 AD3d at 412; see also Matter of Sanantonio v Lustenberger, 73 AD3d at 935; Matter of Falco Realty, Inc. v Town of Poughkeepsie Zoning Bd. of Appeals, 40 AD3d 635, 636 [2007]; Matter of 151 Rte. 17M Assoc., LLC u Zoning Bd. of Appeals of Vil. of Harriman, 19 AD3d 422, 424 [2005]).
Here, the challenged interpretation of the Village of Mamaroneck Code (hereinafter the Code) made by the Zoning Board of Appeals of the Village of Mamaroneck (hereinafter the ZBA) was neither unreasonable nor irrational.
The ZBA determined that the petitioner’s proposed use of a coop in his backyard to keep and raise 40 or more racing pigeons, or “racing homers,” did not qualify as keeping “a reasonable number of customary household pets” within the meaning of section 342-21 (B) (7) of the Code. In reaching this determination, the ZBA considered record evidence that these pigeons would be specially bred, trained, and handled to compete in races, at least some of which may result in cash prizes. There was evidence that only the petitioner and his father would handle the vast majority of the pigeons, the “race birds.” Other members of the household, including the petitioner’s children, would not be able to handle the “race birds” because those birds are too sensitive and valuable. Moreover, there was evidence that the pigeons that were too old, slow, or weak to race would be sold or destroyed. Additionally, nothing in the record revealed that, at or near the time of the petitioner’s application, any other residents of the Village of Mamaroneck kept 40 or more pigeons on their residential lots, for any purpose.
Based on the record evidence, it was neither unreasonable nor irrational for the ZBA to conclude that 40 or more racing pigeons, as contemplated by the petitioner, did not constitute a “reasonable number of customary household pets” within the meaning of section 342-21 (B) (7) of the Code.
Additionally, the respondent John Winter, Village of Mamaroneck Building Inspector, is not a proper party to this proceeding because he did not render the final determination denying the petitioner’s application, and, for that reason, the proceeding was properly dismissed insofar as asserted against him (see Matter of Navaretta v Town of Oyster Bay, 72 AD3d 823, 826 [2010]).
The petitioner’s remaining contentions are without merit.
Therefore, the Supreme Court properly denied the petition and dismissed the proceeding.
Eng, EJ., Dickerson, Hall and Lott, JJ., concur.