■ In the Matter of STONE INDUSTRIES, INC., Appellant, v ZONING BOARD OF APPEALS OF TOWN OF RAMAPO et al., Respondents. [13 NYS3d 92]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Ramapo dated February 28, 2013, which, after a hearing, denied the petitioner's application for an interpretation of the Code of the Town of Ramapo §§ 376-23 and 376-33 that a proposed asphalt facility on its property was a permissible use, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Alfieri, Jr., J.), dated March 24, 2014, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

"In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, judicial review is limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion" (*Matter of Arceri v Town of Islip Zoning Bd. of Appeals*, 16 AD3d 411, 412 [2005];

*see Matter of Ogden Land Dev., LLC v Zoning Bd. of Appeals of Vil. of Scarsdale*, 121 AD3d 695, 696 [2014]; *Matter of La Russo v Neuringer*, 105 AD3d 743, 743 [2013]; *Matter of Sanantonio v Lustenberger*, 73 AD3d 934, 935 [2010]). Where, as here, a determination is made by a zoning board of appeals after a public hearing, the determination of the zoning board should be upheld if it has a rational basis supported by evidence in the record (*see* CPLR 7803 [4]; *Matter of Ogden Land Dev., LLC v Zoning Bd. of Appeals of Vil. of Scarsdale*, 121 AD3d at 696; *Matter of Haberman v Zoning Bd. of Appeals of Town of E. Hampton*, 85 AD3d 1170, 1171 [2011]; *Matter of Rusciano v Ross*, 78 AD3d 715, 716 [2010]).

In this proceeding, the Zoning Board of Appeals of the Town of Ramapo (hereinafter the Board) held a public hearing and heard testimony from the petitioner's counsel, a Deputy Town Attorney, the Town's Director of Building, Planning, and Zoning, and an employee from a waste management facility in the Town. The record of the hearing demonstrates that there was a rational basis for the Board's determination, and that it was supported by the evidence in the record.

As a general rule, zoning ordinances are in derogation of the common law and must be strictly construed against the municipality (*see Matter of Sanantonio v Lustenberger*, 73 AD3d at 935; *Matter of Arceri v Town of Islip Zoning Bd. of Appeals*, 16 AD3d at 412). This rule is subject to the limitation that where, as here, it would be difficult or impractical for a legislative body to promulgate an ordinance which is both definitive and all-encompassing, a reasonable amount of discretion in the interpretation of the ordinance may be delegated to an administrative body or official (*see Matter of Arceri v Town of Islip Zoning Bd. of Appeals*, 16 AD3d at 412; *Matter of Frishman v Schmidt*, 61 NY2d 823, 825 [1984]; *Matter of Sanantonio v Lustenberger*, 73 AD3d at 935). The interpretation of the zoning board of appeals or the official governs unless such interpretation is unreasonable or irrational (*see Matter of Frishman v Schmidt*, 61 NY2d at 825; *Matter of Sanantonio v Lustenberger*, 73 AD3d at 935; *Matter of Falco Realty, Inc. v Town of Poughkeepsie Zoning Bd. of Appeals*, 40 AD3d 635, 636 [2007]; *Matter of 151 Rte. 17M Assoc., LLC v Zoning Bd. of Appeals of Vil. of Harriman*, 19 AD3d 422, 424 [2005]; *Matter of Arceri v Town of Islip Zoning Bd. of Appeals*, 16 AD3d at 412).

Here, the challenged interpretation of the Code of the Town of Ramapo §§ 376-23 and 376-33 made by the Board was neither unreasonable nor irrational. The Board determined that the petitioner's proposed use of its property for an asphalt fa-

cility that would process recycled asphalt was prohibited by section 376-33 (A) (1) of the Code of the Town of Ramapo, subject to the qualifications set forth in section 376-23 (D), which prohibits the primary production of asphalt from raw materials (*see* Code of Town of Ramapo § 376-33 [A] [1]). Based on the record evidence, it was neither unreasonable nor irrational for the Board to conclude that the processing of recycled asphalt was not a permitted use under the subject sections of the zoning law.

Contrary to the petitioner's contention, the Board's failure to file its written decision in the office of the Town Clerk within five business days after it was rendered does not mandate annulment of its determination (*see* Town Law § 267-a [9]; *Matter of Frank v Zoning Bd. of Town of Yorktown*, 82 AD3d 764, 764-765 [2011]). Town Law § 267-a (9) does not specify a sanction for the failure to comply with the five-day filing requirement (*see generally Nyack Hosp. v Village of Nyack Planning Bd.*, 231 AD2d 617, 618 [1996]). While the Board offered no explanation for its delay, the petitioner was unable to demonstrate that it was prejudiced by the late filing.

Accordingly, the Supreme Court properly denied the CPLR article 78 petition and dismissed the proceeding. Dillon, J.P., Dickerson, Hall and LaSalle, JJ., concur.