■  In the Matter of PERI KRUSOS WENZ, Appellant, v AMELIA BROGAN et al., Respondents. [53 NYS3d 127]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Lloyd Harbor, dated February 15, 2012, which, after a hearing, granted an application for area variances, the petitioner appeals from (1) a decision of the Supreme Court, Suffolk County (Pastoressa, J.), dated October 27, 2014, and (2) a judgment of the same court dated January 26, 2015, which, upon the decision, denied the petition and dismissed the proceeding.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents Amelia Brogan, J. William Johnson, Robert Romanoff, Edmund J.M. Smyth, Russell E. Brooks, Leland M. Haier, Jeon M. Thatcher, Ralph Alfenito, Leland Deane, Hilary Rolih, William Burdo, and Matthew Strunk.

The respondents Pamela and Matthew Sutherland own residential property in the Village of Lloyd Harbor. In 2011, they applied for a building permit to make improvements but the Village's building inspector denied their application because the improvements would not be in compliance with the Village zoning ordinance. The Sutherlands then filed an application for area variances with the Village's Zoning Board of Appeals

(hereinafter the ZBA). At the ZBA's hearing on the application, held on February 15, 2012, the petitioner, who is the owner of a contiguous property, appeared in opposition. After the hearing, the ZBA voted to grant the variances, but the minutes of the ZBA meeting did not record each board member's vote. A short-form decision filed with the Village Clerk on March 6, 2012, 20 days after the hearing, set forth the vote of each ZBA member, but contained no specific findings as to the factors on which the ZBA based its determination. A notation on the short-form decision stated that any aggrieved party could, within 30 days, serve a written demand on the Village Clerk for a written long-form decision setting forth the ZBA's findings. These procedures were authorized by the Village's Local Law No. 1-1989.

On March 8, 2012, 2 days after the short-form decision was filed, the petitioner filed a demand for a written long-form decision, and the ZBA filed a written long-form decision 83 days later, on May 30, 2012. The petitioner subsequently commenced this CPLR article 78 proceeding seeking to reverse the ZBA's determination granting the Sutherlands' application. By a judgment dated January 26, 2015, upon a decision dated October 27, 2014, the Supreme Court denied the petition and dismissed the proceeding. On appeal, the petitioner contends that the ZBA erred procedurally and substantively in its determination of the Sutherlands' application for variances. Specifically, the petitioner contends that the ZBA violated several provisions of Village Law § 7-712-a with respect to the time in which a decision was required and in not setting forth the reasons for its determination in the short-form decision. The petitioner also contends that the ZBA acted arbitrarily and capriciously in granting the Sutherlands' application.

"Although local laws that are inconsistent with state laws are generally invalid, the Municipal Home Rule Law allows incorporated villages to amend or supersede provisions of the Village Law as they relate to zoning matters" (*Matter of Cohen v Board of Appeals of Vil. of Saddle Rock*, 100 NY2d 395, 399 [2003]; *see Kamhi v Town of Yorktown*, 74 NY2d 423, 429 [1989]; *Matter of Stoffer v Department of Pub. Safety of the Town of Huntington*, 77 AD3d 305, 315 [2010]). Nevertheless, "[l]ocal lawmaking power under the supersession authority is of course in all instances subject to the State's transcendent interest where the Legislature has manifested such interest by expressly prohibiting a local law, or where a local law is otherwise preempted by State law" (*Kamhi v Town of Yorktown*, 74 NY2d at 430 [citation omitted]).

Here, contrary to the petitioner's contention, Village Law § 7-712-a does not preempt the Village from regulating the issues of whether its ZBA renders short-form or long-form decisions, or the time periods within which those decisions must be issued. The Legislature has not evinced an intent to preempt the field, and the legislative history of that section indicates that the Legislature envisioned no comprehensive and detailed regulatory scheme with respect to the form or timing of decisions of a zoning board of appeals (*see Matter of Food Parade, Inc. v Office of Consumer Affairs of County of Nassau*, 19 AD3d 593, 595 [2005]; *Kase v City of Rochester*, 15 AD3d 928, 929 [2005]; *cf. Matter of Cohen v Board of Appeals of Vil. of Saddle Rock*, 100 NY2d at 401-402).

Additionally, contrary to the petitioner's contention, the ZBA's failure to file its short-form decision in the office of the Village Clerk within five business days after it was rendered at the hearing on February 15, 2012, does not mandate the annulment of its determination (*see* Village Law § 7-712-a [9]; *Matter of Stone Indus., Inc. v Zoning Bd. of Appeals of Town of Ramapo*, 128 AD3d 973, 975 [2015]; *Matter of Frank v Zoning Bd. of Town of Yorktown*, 82 AD3d 764, 765 [2011]). Village Law § 7-712-a (9) does not specify a sanction for the failure to comply with the five-day filing requirement and, while the ZBA offered no explanation for its delay, the delay was not extensive and the petitioner did not demonstrate any prejudice resulting from the late filing (*see Matter of Stone Indus., Inc. v Zoning Bd. of Appeals of Town of Ramapo*, 128 AD3d at 975; *Matter of Frank v Zoning Bd. of Town of Yorktown*, 82 AD3d at 765).

As the petitioner contends, the ZBA violated Village Law § 7-712-a (1) and Public Officers Law § 106 (1) by failing to record the vote of each member of the ZBA in the minutes of the hearing. These violations, however, do not render the ZBA's determination a nullity (*see Matter of Cunney v Board of Trustees of the Vil. of Grand View, N.Y.*, 72 AD3d 960, 961-962 [2010]; *Matter of Roberts v Town Bd. of Carmel*, 207 AD2d 404, 405 [1994]). In sum, as the Supreme Court held, the petitioner was not entitled to relief on the basis of procedural defects in the ZBA's determination.

Local zoning boards have broad discretion in determining applications for area variances. In deciding an application for an area variance, "a zoning board is required to engage in a balancing test that weighs the benefit to the applicant if the variance is granted against the detriment to the health, safety, and welfare of the neighborhood or community" (*Matter of Colin Realty Co., LLC v Town of N. Hempstead*, 107 AD3d 708, 710

[2013]; *see* Village Law § 7-712-b [3] [b]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 773 [2005]). Courts reviewing a board's exercise of that discretion may set it aside only if the record shows that "the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]).

Here, the ZBA properly balanced the requisite statutory factors (*see* Village Law § 7-712-b [3] [b]), and its determination that the benefit of the requested variances outweighed any detriment to the health, safety, and welfare of the neighborhood or community had a rational basis and was not arbitrary and capricious (*see Matter of Pasceri v Gabriele*, 29 AD3d 805, 806 [2006]).

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding (*see id.* at 806). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.